Smith *et al. v.* The State, *ex rel.* Hamill, Prosecuting Attorney.

---

No. 17,116.

SMITH ET AL. *v.* THE STATE, EX REL. HAMILL, PROSE-CUTING ATTORNEY.

SUPREME COURT PRACTICE.—*Failure to Make Marginal Notes.*—*Dismissal of Appeal.*—Where, pending a motion to dismiss an appeal for failure to make marginal notes on the transcript and bill of exceptions, the appellant obtains leave to, and does, make proper marginal notes to the satisfaction of the court, the appeal will not be dismissed.

From the Vigo Circuit Court.

*W. Mack* and *R. G. Smith,* for appellants.

*G. A. Knight* and *M. C. Hamill,* for appellee.

HOWARD, C. J.—The appellee filed in this court a petition to dismiss the appeal herein for the reason following, to wit:

"Because of the failure of appellants to comply with rule 31 of this court, in this, to wit:   That no marginal notes are placed on the transcript, in their appropriate places, indicating the pleadings, exhibits, orders of the court, bills of exceptions, and names of witnesses; nor are there any marginal notes of motions, and rulings of the court."

Rule 31 of this court is as follows:

"XXXI. The appellant shall cause the transcript to be paged and the lines of each page to be numbered. He shall also cause marginal notes to be placed on the transcript in their appropriate places, indicating the sev-

eral parts of the pleadings in the cause, the exhibits, if any, the orders of court, and the bills of exceptions. Where the evidence is set out by deposition or otherwise, the names of the witnesses shall be stated on the margin. The appellant shall also note on the margin all motions and rulings thereon, and he shall also note the instructions given and refused in all cases where questions are made thereon.''

By the statute organizing this court, section 1326, R. S. 1894 (section 1302, R. S. 1881), authority is given to ''establish modes of practice which may be necessary in the exercise of its authority, and to make regulations respecting the same, and cause them to be printed.''

By section 1375, R. S. 1894 (section 1323, R. S. 1881), similar authority is given to the circuit courts.

But it was not necessary that the Legislature should grant such authority. The power of a court to frame rules for the proper conduct of its business is an inherent one, at least so far as concerns the mode of conducting the affairs of the court. Such rules have the force and effect of rules of law; and, consequently, parties and counsel must obey them. They are not merely directory, and may not be ignored or disregarded. It is not only the right, but the duty, of the court to enforce them.

Rules of court are made for the orderly and expeditious conduct of business, and to secure the rights of the parties as well as the convenience of the court. Parties have a right to expect the court to enforce its rules. It may happen, of course, as it does in all cases where general rules prevail, that peculiar circumstances will take a case out of the operation of the rules. Of this the court must judge, but no rule should be suspended without sufficient cause shown. Elliott App. Proced., section 7, and notes.

In *Martin, Sr.,* v. *Martin,* 74 Ind. 207, it is held that

the rules of court practice are a part of the law of the land, and that their reasonableness is justified by experience.

Rule thirty-one of this court is designed both for the use of the appellee, to enable him, by a close examination of the record, to discover whether the errors assigned are well founded, and particularly not only to direct the attention of the court immediately to the errors alleged to exist, but also to enable the court to inspect the whole record with accuracy and expedition, so as to learn what may sustain the judgment below as well as what may tend to its overthrow.

To avoid the danger of overlooking any item of importance, the marginal notes are of the utmost consequence. They serve the purpose of a table of contents, an index, or a digest of the record; and though on first reading they may not be used, yet in the numerous references that must thereafter be made to the record the marginal notes are most necessary, not only to save the time of the court but also to secure accuracy of examination. No record is properly prepared until the marginal references are carefully entered. As well publish a book of references without index or alphabetical arrangement. In the case of bills of exceptions it may be stated in addition that it is not enough to write upon the margin "bill of exceptions," but the particular parts of the bill should be pointed out in the marginal notes. Not only should such marginal notes be entered, as required by rule thirty-one, but the briefs should make references to the page and line of the transcript wherever the record is involved in the statement or argument of the case, as required by rule twenty-six.

It would seem that counsel should themselves be sufficiently aware of how important it is to the interests of their clients that a well prepared transcript of the record

should be brought to this court, and also that well arranged and well condensed briefs, making careful and exact references to the record and to the authorities, should be filed in the appeal. The enforcement of the rules concerns not only the convenience of the court but also the interests of counsel and their clients.

The violation of rule thirty-one by the appellant in this case fully authorized the granting of the motion to dismiss the appeal. Pending the consideration of the question, however, the appellant asked and obtained leave to complete the record by the entry of proper marginal notes and references. This having now been done to the satisfaction of the court, the motion to dismiss the appeal is overruled.

Filed March 7, 1894.