Egan, by Next Friend, *v.* The Ohio and Mississippi Railway Co.

No. 17,269.

EGAN, BY NEXT FRIEND, *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

APPEAL.—*Dismissal.*—*Failure to Page, Number Lines, and Make Marginal Notes.*—*When will not be Reinstated.*—Where an appeal has been dismissed for failure to make marginal notes and for failure to number the lines and pages, in accordance with rule 31 of this court, the appeal will not be reinstated where no excuse is shown for the noncompliance with the rule before dismissal.

From the Daviess Circuit Court.

*J. W. Burton*, for appellant.

*W. R. Gardiner, J. Harmon, E. W. Strong* and *C. G. Gardiner*, for appellee.

HACKNEY, C. J.—On the 17th day of May 1894, the appeal herein was dismissed for the noncompliance, by the appellant, with rule 31 of this court, requiring the pages and lines of the transcript to be numbered and marginal references to be made in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, orders of the court, and bills of exceptions. The appellant now moves the court to reinstate his appeal, and offers no excuse whatever for his noncompliance with the rule before such dismissal, but shows that since the dismissal he has complied with the requirements of said rule. The importance of the rule, when complied with, to the interests of appellants, and its value to counsel in briefing and arguing causes, and its assistance to the court in considering the questions presented, will suggest, at once, the importance of the rule and the necessity for an enforcement of its requirements. No other index or reference is required to accompany the transcript, and, usually, no other is supplied.

Egan, by Next Friend, *v.* The Ohio and Mississippi Railway Co.

These references the rule requires of appellants, and, as said in *Smith* v. *State, ex rel.*, 137 Ind. 198, the requirements "are not merely directory, and may not be ignored or disregarded. It is not only the right, but the duty, of the court to enforce them."

Having failed to comply with the important requirements of the rule, and the court having sustained the appellee's motion to dismiss the appeal, the appellant asks us to consider a subsequent compliance sufficient cause to reinstate the appeal. To sustain the appellant's motion would be little less than trifling with the rule, and instead of treating the rule as of so little consequence, we are inclined to enforce a more strict compliance with it than has been required in most instances in the past.

If the appellant had made a showing of excusable neglect, the motion would be entitled to greater consideration, but, to take the chances of dismissal for a noncompliance with the rule, and then to be rewarded by a reinstatement of the appeal, is to encourage the overthrow of the rule. The motion is less meritorious because of the fact that notice of the appellee's motion to dismiss the appeal was served upon the appellant in sufficient time to have sought and procured permission to complete the record before the action of the court in sustaining said motion to dismiss.

The motion to reinstate is overruled.

Filed June 21, 1894.