## BABCOCK ET AL. *v.* JOHNSON.

[No. 2,769.   Filed March 17, 1899.]

APPEAL AND ERROR.—*Rules of Court.*—*Dismissal.*—An appeal will be dismissed for failure to comply with Appellate Court rules twenty-five and thirty requiring appellant to refer to pages and lines of the record in discussing the evidence, and to place marginal notes on the transcript indicating the several parts of the pleadings, exhibits, orders of court, bills of exception, etc.

From the Jasper Circuit Court.   *Dismissed.*

*J. E. Wilson* and *B. F. Ferguson,* for appellant.

*Frank Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellee.

COMSTOCK, J.—This appeal is from a judgment rendered by the Jasper Circuit Court against the appellant for $64. The assignment of errors contains five specifications. Appellant discusses the rulings of the court on demurrers to the first, second, and third paragraphs of complaint, on the motion to modify the judgment, and on the motion for a new trial.

Appellee before entering upon the merits of the appeal insists that appellant has no record presenting the assignment of errors, because of a failure to comply with rules thirty and twenty-five of this court, and that the appeal should therefore be dismissed. Among other provisions of rule thirty, it is required that the appellant "shall cause marginal notes to be placed on the transcript in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, if any, the orders of the court, and the bills of exceptions. Where the evidence is set out by deposition or otherwise, the names of the witnesses shall be stated in the margin. The appellant shall also note on the margin all motions and rulings thereon, etc."

The foregoing provisions of said rule are wholly disregarded. Appellant in his brief has only partially complied

with that portion of rule twenty-five referring to pages and lines of the record in discussing the evidence. "An observance of this rule is essential upon the part of litigants (in the language of Jordan, J.; speaking for the court in *McDonald v. McDonald*, 142 Ind. 55), in order to assist the judges and facilitate the business of this court." From the failure to observe rules, established to facilitate business before them, the Supreme and this Court have in numerous cases dismissed appeals. *Citizens St. R. Co.* v. *Union Trust Co., Adm.*, 19 Ind. App. 402, and cases there cited. Such rules, while recognized as necessary, must utterly fail to accomplish the object intended thereby unless litigants are required to comply with them. "It is not only the right but the duty of the court to enforce them." *Egan* v. *Ohio, etc., R. Co.*, 138 Ind. 274; *Smith* v. *State, ex rel.*, 137 Ind. 198. The appeal is dismissed.

Wiley, J., absent.