State *v.* Van Cleave.

---

## THE STATE *v.* VAN CLEAVE.

[No. 19,153.   Filed January 8, 1902.]

COURTS.—*Rules.—Appeal and Error.—Transcript.*—Courts have the inherent power to ordain such rules as they may find necessary to a proper dispatch of business, and, when once established, they become invested with the force and effect of law. *pp. 608, 609.*

APPEAL AND ERROR.—*Record.—Marginal Notes.*—The right to invoke the rule of the Supreme Court in reference to marginal notes on the transcript on appeal is not confined to the appellee, but the court may of its own motion enforce the rule by dismissing the appeal. *p. 609.*

From Parke Circuit Court; *A. F. White,* Judge.

Elijah L. Van Cleave was tried on the charge of producing an abortion. From a judgment acquitting defendant, the State appeals on reserved questions of law. *Appeal dismissed.*

*J. M. Johns* and *W. L. Taylor,* Attorney-General, for State.

*S. D. Puett* and *J. S. McFaddin,* for appellee.

HADLEY, J.—Rule thirty-one of this court, in force at the time the transcript in this case was filed (1899), is as fol-

State *v.* Van Cleave.

lows: "The appellant shall cause the transcript to be paged and the lines of each page to be numbered.  He shall also cause marginal notes to be placed on the transcript in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, if any, the orders of the court, and the bills of exceptions.  Where the evidence is set out by deposition or otherwise, the names of the witnesses shall be stated in the margin.  The appellant shall also note on the margin all motions and rulings thereon, and he shall also note the instructions given and refused in all cases where questions are made thereon."  (Rule 3, 1900.)

The requirements of this rule, with respect to the marginal notes, have been wholly ignored.  The record embraces divers pleadings, exhibits, motions, orders of court, rulings, and bills of exception, and not a note anywhere in the body of the transcript to indicate where any particular matter may be found.  Courts have the inherent power to ordain such rules as they may find necessary to a proper dispatch of business, and when once established they become invested with the force and effect of law.  *Smith* v. *State, ex rel.,* 140 Ind. 340.  The right to invoke the benefit of the rule is not confined to the appellee, but this court, charged with the duty of expediting the business before it, may of its own motion enforce it as we do in this case.  We are required and expected rightly to apprehend the entire record, and accurately to discover that which will support, as well as that which will subvert, the judgment.  To do this it often becomes necessary to make frequent references to the transcript, and when unaided by marginal notes much time is often consumed in finding the things sought.  Public interest as well as the rights of appellees call for a strict enforcement of this rule.  *Smith* v. *State, ex rel.,* 137 Ind. 198; *Egan* v. *Ohio, etc., R. Co.,* 138 Ind. 274; Ewbank's Manual, §119; Elliott's App. Proc., §204.

Appeal dismissed.