STATE, EX REL. WHITAKER, AUDITOR, *v.* LANKFORD ET AL.

[No. 19,528.    Filed January 28, 1902.]

APPEAL AND ERROR.—*Court Rules.*—*Failure to Index Record.*—Where the appellant fails to prepare an index of the record, as required by rule three of the Supreme Court, the appeal will be dismissed.

From Morgan Circuit Court; *G. W. Grubbs*, Judge.

Action by State on relation of John S. Whitaker against Perry Lankford and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*W. R. Harrison*, *W. L. Taylor*, Attorney-General, *B. K. Elliott*, *W. F. Elliott* and *F. L. Littleton*, for appellant. *C. G. Renner* and *J. C. McNutt*, for appellees.

HADLEY, J.—Revised rules of this court were adopted by the court, and published on January 4, 1900, with notice that the same should be in force from and after November 26, 1900. Ample notice was thus given to litigants and lawyers to enable them to become familiar with the new rules

before being called upon to act in compliance therewith. In this case the transcript was filed in this court after the taking effect of the new rules, the third of which reads thus: "The appellant shall cause the transcript to be neatly and securely bound and to be paged at the bottom and the lines of each page to be numbered. He shall also cause marginal notes on each page to be placed on the transcript in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, if any, the rulings of the court, and the bills of exceptions. Where the evidence is set out by deposition or otherwise, the name of each witness, and whether the examination is direct, cross or re-direct, shall be stated in the margin of each page. The appellant shall also note on the margin all motions and rulings thereon, the instructions given and refused, and shall prepare an index referring to the initial page of the direct, cross and reëxamination of each witness and of each pleading, exhibit and other paper in the record, such index to form the first page of the transcript."

In the preparation of the transcript there has been a total disregard of this rule, so far as the same relates to the furnishing and the affixing of an index as the first page thereof. There is in the body of the transcript, composed of 544 pages, at the beginning of what purports to be a bill of exceptions, containing the evidence, an index to the testimony given by several witnesses, but other than this there appears nowhere in or attached to the transcript any semblance of an attempt to comply with the rule. One hundred and fifty-eight pages of the record are occupied with a complaint, cross-complaint, thirteen answers, divers affirmative replies, exhibits, demurrers, motions, interrogatories, challenged instructions, affidavits, and other papers, any particular item of which can be found only by a patient turning of the leaves. Experience impressed the court with the necessity for some relief with respect to the examination of records. The frequent reference to particular parts of the transcript

often required in the disposition of a case, and the needless waste of time occasioned by the absence of a guide to particular paging, impelled the court, in due regard of public interest, to adopt rule three, thereby requiring appellants and their attorneys, when engaged in constructing the record, and while familiar therewith, to prepare and affix an index. The rule is reasonable, and once adopted and promulgated became, and remains until revoked by the same authority, invested with all the force and effect of a rule of law binding upon the court as well as appealing parties. *Magnuson* v. *Billings,* 152 Ind. 177; *Smith* v. *State, ex rel.,* 140 Ind. 340; *State* v. *Van Cleave,* 157 Ind. 608; *Rio Grande, etc., Co.* v. *Gildersleeve,* 174 U. S. 603, 608, 19 Sup. Ct. 761, 43 L. Ed. 1103.

In the last case cited the following is quoted with approval, from *Thompson* v. *Hatch,* 3 Pick. 512-516: "A rule of the court thus authorized and made, has the force of law, and is binding upon the court, as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. * * * The courts may rescind or repeal their rules, without doubt, or in establishing them, may reserve the exercise of discretion for particular cases. But the rule once made without any such qualification, must be applied to all cases which come within it, until it is repealed by the authority which made it."

Appellees argue that this appeal should be dismissed for failure to comply with the rule in review, but have filed no motion as a warrant for their argument. But it was not the purpose of the rule to confine its benefits to appellees, but in large measure to aid this court in expediting the business before it. We, therefore, have the power, as well as the imposed duty, to enforce it of our own motion in all proper cases. *State* v. *Van Cleave, supra.*

The appeal should be dismissed.

Appeal dismissed.

Jordan, C. J., did not participate.