## City of Lafayette *v.* Wabash Railroad Company.

[No. 3,680.   Filed March 13, 1902.]

Quieting Title.—*Railroads.*—*Streets.*—*Highways.*—*Municipal Corporations.*—A complaint in an action by a railroad company against a city to quiet title to a strip of land which defendant city claimed as a street is not defective in failing to show that there was no public highway across the strip of ground in dispute, where the complaint alleged that there has never been any street or highway laid out over the strip of ground, that neither the defendant nor the public ever occupied or used the strip of ground for highway purposes and averred generally the non-existence of a highway at the place in question. *pp. 498-501.*

Same.—*Pleading.*—In an action to quiet title it is sufficient to aver in the complaint that plaintiff is the owner of the real estate, without specifically averring the kind of title, or how derived, and that the claim of defendant is unfounded and a cloud upon plaintiff's title. *p. 501.*

Appeal and Error.—*Evidence.*—*Marginal Notes.*—*Court Rules.*—The Appellate Court will not consider the evidence on appeal consisting of more than 500 pages, where no marginal notes are made as required by the rules of the court. *p. 502.*

From Carroll Circuit Court; *T. F. Palmer*, Judge.

Action by the Wabash Railroad Company against the city of Lafayette to quiet title. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. P. Haywood, R. P. Davidson* and *M. A. Ryan*, for appellant.

*W. V. Stuart, E. P. Hammond, D. W. Simms, C. R. Pollard* and *R. C. Pollard*, for appellee.

HENLEY, J.—This was an action by appellee against appellant commenced in the superior court of Tippecanoe county, in January, 1894. A change of venue was taken to the Carroll Circuit Court, where a trial was had before the judge of said court without the intervention of a jury, which resulted in a judgment in favor of appellee.

The complaint was in two paragraphs, in the first of which appellee claimed an easement, consisting of its right of way over a certain strip of ground therein described, situated in the city of Lafayette; and in the second paragraph of complaint appellee claimed to be the absolute owner of the land described and in dispute; and in both paragraphs of complaint appellee asks that its title be quieted, and that appellant be enjoined from making a certain street improvement across the ground, tracks, and right of way of the appellee, and across the land here in dispute.

Counsel for appellant contend that both paragraphs of complaint are substantially the same, and are insufficient for the same reason. In the first paragraph, as heretofore stated, appellee claims an easement over the land in question; and in the second paragraph ownership of the land in question is claimed. It was necessarily upon the second paragraph of complaint that the judgment of the court, that appellee was the owner of the disputed land, rested. The second paragraph of complaint is short, and we set it out in full: "Said plaintiff further complains of said defendant, and says: That said plaintiff is, and for the past ten years has been, a railroad corporation duly organized under the laws of the State of Indiana, and that the said defendant is, and has been for the past forty years, a municipal corporation organized under the laws of said State, and is located in the county of Tippecanoe in said State; that plaintiff is,

and was at the time of the commencement of this action, the owner of the following described real estate in said city of Lafayette, to wit:   A strip of ground 170 feet wide next to and southeast of Erie street in said city; said street and said strip of ground running in a northeast and southwest direction, and which strip of ground would be embraced in Cincinnati street, in said city, if said Cincinnati street were extended across said strip of ground; that said Cincinnati street runs east and west, and if extended across said strip of ground, would be sixty feet in width thereover; that said strip of ground has for more than forty years been in the peaceable, exclusive, and uninterrupted possession of said plaintiff and its predecessors, certain railroad and railway companies, from and under which said plaintiff derived title, and has, during all of said time been used and occupied by the plaintiff and its predecessors, under claim of ownership, as the right of way of its and their railways; that said Cincinnati street has never been laid out or extended over and across said plaintiff's right of way; nor has said defendant or the public ever accepted, occupied, or used the same at said place as a street or highway; nor has the defendant or the public any right whatever to use or occupy the same for any such purpose, or for any other purpose whatever, and has never had any such right; that the plaintiff's railroad, which runs substantially east and west through said State, and northeast and southwest through said city, passes over and is located upon said strip of ground, and has passed over and been located upon the same continuously for the past forty years; that for many years before the commencement of this action, and down to and including the present time, said plaintiff has had on said strip of ground, and still has upon the same, thirteen main and side tracks, used for moving its passenger and freight trains, for storing and weighing cars, and making up trains; that said side tracks at said place connect with the plaintiff's main track at points northeast and southwest of said place, and for a considerable dis-

tance therefrom; that the defendant, at the commencement of this action, claimed and still claims, without right, that said Cincinnati street, to its width of sixty feet, is so extended as to cover said strip of ground at the place aforesaid, and that it and the public have a right to use the same as a part of said street, and is threatening, and was at the time of the commencement of this action threatening, to take possession of said strip of ground at said place, and to use and occupy the same at said place for a street and public highway; that if the defendant carries out its threats, which plaintiff avers it will do unless enjoined therefrom, it will prevent the plaintiff from weighing and storing and from making up trains, and materially interfere with it in the movement of trains and business therewith connected at said place, and cause it to suffer great and irreparable damage; that, owing to said number of tracks, and the movement of trains and cars at said place, it would be unsafe and dangerous to the public to use said place as a street or highway crossing; that said claim of said defendant is, and was at the time of the commencement of this action, wholly without foundation, and that the same was at that time, and still is, a cloud upon the plaintiff's title to said strip of ground as its right of way at said place.   Wherefore the plaintiff prays that its said title to said strip of ground as a right of way be quieted, and that the defendant be perpetually enjoined from asserting its said pretended claim to use said strip of ground at said place as a street or highway, and from using or attempting to use the same at said place for said purpose until it shall have proceeded, under proper condemnation proceedings, to have said defendant's damages assessed, and for all other proper relief."

Counsel for appellant contend that it was necessary for appellee to show by the averments of the complaint that there was no public highway across the strip of ground in dispute, and that the complaint fails in this particular.

Conceding, without deciding, the position for counsel for appellant, that it was necessary, by proper averments, to exclude the possibility of the existence of a public highway upon the disputed strip of ground, and that such averments must in express terms apply to every mode known to the law for the establishment of a highway, we will proceed to an examination of the complaint.

There are three general ways by which highways may be established: First, by order of the board of commissioners of counties, and the proper authorities of cities and towns upon petition; second, by express grant; third, by dedication arising from continued use by the public for a considerable period of time, with the knowledge of, and without objection from, the owner of the land. *Summers* v. *State*, 51 Ind. 201.

The allegation of the complaint that "there has never been laid out any street or highway over said plaintiff's [appellee's] right of way at the place aforesaid" would certainly exclude the existence of a highway under the first plan. The allegation that neither the appellants nor the public ever occupied or used the said strip of ground for street or highway purposes certainly excludes the existence of a highway under the third plan; and the general allegation of the non-existence of a highway at the place in question covers everything in this regard, and would be, we think, a complete answer to this objection of counsel to the complaint. Upon the other hand, this being an action to quiet title, it was sufficient to aver in the complaint that appellee was the *owner* of the real estate, without specifically averring the kind of title, or how derived, and that the claim of appellant was unfounded and a cloud upon appellee's title. *Weaver* v. *Apple*, 147 Ind. 304; *Richwine* v. *Presbyterian Church*, 135 Ind. 80; *Detwiler* v. *Schultheis*, 122 Ind. 155; *Wilson* v. *Wilson*, 124 Ind. 472.

Appellee was not required to anticipate in its complaint all or any of the defenses which appellant might have to the

action, nor to describe generally or particularly the claim which appellant made to the real estate, and which was the cloud that the action was intended to remove. The trial court did not err in overruling the demurrer to each paragraph of the complaint.

The court is next asked to determine whether the finding of the trial court is sustained by sufficient evidence. We will not consider this question. The bill of exceptions embracing the evidence adduced upon the trial has more than 500 typewritten pages. Not a marginal note is found in this bill. Rule 30 (old rules) requiring marginal notes has been flatly ignored. *Babcock* v. *Johnson*, 22 Ind. App. 97; *McDonald* v. *McDonald*, 142 Ind. 55; *Egan* v. *Ohio, etc., R. Co.*, 138 Ind. 274; *Smith* v. *Stale ex rel.*, 137 Ind. 198.

The record presents no error. Judgment affirmed.