## WHINREY v. STARR ET AL.

[No. 5,219. Filed April 25, 1905. Motion to reinstate denied June 7, 1905.] ʹ

1. APPEAL AND ERROR.—*Transcript.*—*Appellate Court Rules.*—A failure of appellant to comply with Appellate Court rule three, providing that the transcript shall be provided with index and marginal notes, is a sufficient ground for dismissal of the appeal. p. 625.
2. SAME.—*Dismissal.*—*Motion Therefor.*—It is not necessary that a motion to dismiss be filed on appellant's failure to comply with Appellate Court rule three, the duty being upon the court itself to enforce such rule in all proper cases. p. 626.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Emily P. Whinrey against Thomas Starr and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*C. A. Taughinbaugh,* for appellant.
*Bingham & Long,* for appellees.

ROBINSON, P. J.—On December 26, 1903, appellant, by her agent, filed with the clerk of the Delaware Circuit Court an affidavit. The title is Emily P. Whinrey v. Thomas Starr, John Ellis, John Huffer, Charles F. Koontz, David Shroyer, James M. Motsenbocker and George Mansfield. The affidavit states, in substance, "that the plaintiff's cause of action therein was for money due the plaintiff on a promissory note executed by the defendant and others to the plaintiff, a copy of which was filed with the complaint; that said cause of action was duly tried, and judgment rendered therein against the defendant Thomas Starr, Morris L. Ross and Amos Cary" for $155.77 and $13.75 costs, on April 19, 1902, in the Delaware Circuit Court; "that the plaintiff's said judgment rendered therein as aforesaid remains wholly unpaid and unsatisfied; that the plaintiff's claim is just; that plaintiff's claim is due," and that there is now due plaintiff "from the defendant upon said judgment"

the sum of $194.17, which sum plaintiff ought to recover "from the defendant;" that Starr has sold and conveyed and is about to sell and convey his property subject to execution, with the fraudulent purpose of cheating, hindering and delaying plaintiff and his (Starr's) creditors; that affiant believes that Joseph E. Davis, auditor of Delaware county, has $500 in money belonging to Starr; that Nathan Shroyer, John Huffer and John Ellis, commissioners of the county of Delaware, have under their control $500 belonging to Starr; that George Mansfield, clerk of the Delaware Circuit Court, is indebted to Starr $500; and that "James M. Motsenbocker, Charles F. Koontz, treasurer of Delaware county, has control of the credits" of Starr in the sum of $500.

On the same day plaintiff filed a bond, to the approval of the clerk, that she would "duly prosecute her proceedings therein, and pay all damages which may be sustained by the defendant if the proceedings of plaintiff be wrongful or oppressive." On the same day a summons was issued to the sheriff, commanding him to summons Thomas Starr to appear on January 14, 1904, "the tenth day of the next term to be held at the court-house in the city of Muncie, on Monday, the 4th day of January, 1904, and answer to the complaint of Emily P. Whinrey in garnishment." This was served on the same day by reading. On the same day a summons was issued commanding the sheriff to summon John Ellis, Nathan Shroyer and John Huffer, as commissioners of Delaware county, Joseph E. Davis, auditor, James M. Motsenbocker, county treasurer elect, Charles F. Koontz, treasurer of Delaware county, George Mansfield, clerk of the Delaware Circuit Court, and Thomas Starr, to appear on the tenth day of the next term of court "to answer as garnishees in a cause now pending in said court, wherein Emily P. Whinrey is plaintiff and Thomas Starr is defendant." This was served on December 26 and 28, 1903. On January 18, 1904, the twelfth day of the January term,

1904, Starr was defaulted. On January 21, 1904, Starr filed a motion, supported by affidavit, to quash the summons and writs and set aside the default; and the other defendants filed a motion, supported by affidavit, to quash the summons and writ of garnishment. The court sustained the motion to quash the summons and writ of attachment and garnishment, and to set aside the default, and, upon motion, the proceeding in garnishment was dismissed. Plaintiff refusing to plead further, judgment was rendered against her for costs.

The assignment of errors contains eight specifications predicated upon the above rulings.

1. Appellees, before entering upon the merits of the appeal, insist that appellant has not brought to this court any record presenting the question sought to be raised by the assignment of errors, because of failure to comply with rule three of this court, and that the appeal should be dismissed. Appellee's brief calling attention to this defect in the record was filed August 6, 1904, but no steps have been taken to comply with the rule. Rule three provides, among other things, that the appellant "shall also cause marginal notes on each page to be placed on the transcript in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, if any, the rulings of the court, and the bills of exceptions. * * * The appellant shall also note on the margin all motions and rulings therein, * * * and shall prepare an index referring to the initial page * * * of each pleading, exhibit and other paper in the record, such index to form the first page of the transcript." No attempt whatever has been made to comply with the above requirements of the rule. It has been held that the failure to comply with these provisions is sufficient ground for dismissal of an appeal. *State, ex rel.,* v. *Lankford* (1902), 158 Ind. 34; *Dixon* v. *Poe* (1902), 158 Ind. 54; *Babcock* v. *Johnson* (1899), 22 Ind. App. 97; *Otis* v. *Weiss* (1899), 22 Ind. App. 161.

2. Appellee has not filed any motion to dismiss. "It was not the purpose of the rule," said the court in *State, ex rel.*, v. *Lankford, supra,* "to confine its benefits to appellees, but in large measure to aid this court in expediting the business before it. We, therefore, have the power, as well as the imposed duty, to enforce it of our own motion in all proper cases." See *State* v. *Van Cleave* (1902), 157 Ind. 608; *Smith* v. *State, ex rel.* (1894), 137 Ind. 198; *Egan* v. *Ohio, etc., R. Co.* (1894), 138 Ind. 274.

Appeal dismissed.