## ROBERTS ET AL. *v.* WOLFE.

[No. 20,623.   Filed June 23, 1905.]

1. APPEAL AND ERROR.—*Complaint.—Initial Attack.—Sufficiency.* —A complaint in three paragraphs, attacked for the first time on appeal, will withstand an assignment of error that it is insufficient, if one paragraph thereof is good, even though the verdict and judgment rest upon an insufficient paragraph.   p. 199.

2. SAME.—*Supreme Court Rules.—Bill of Exceptions.—Marginal Notes.*—Where appellant has failed to note on the margin of the bill of exceptions the name of each witness, and whether the examination is direct, cross or redirect, no question depending upon the evidence will receive consideration.   p. 200.

From Superior Court of Vigo County; *S. C. Stimson,* Judge.

Action by Belle Wolfe against Joseph D. Roberts and others. From a judgment for plaintiff, defendants appeal. Transferred from the Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*McNutt & McNutt* and *Taylor & Kisner,* for appellants.
*Henry, Crane & Miller* and *H. S. Wallace,* for appellee.

MONKS, C. J.—Appellee brought this action against appellants before a justice of the peace, and recovered judgment. Appellants appealed to the court below, where a trial resulted in a verdict and judgment in favor of appellee.

The complaint, which is in three paragraphs, is assailed for the first time in this court by an assignment that it does not state facts sufficient to constitute a cause of action. The first paragraph is for money had and received, and is clearly sufficient. As the error assigned calls in question the sufficiency of the complaint as a whole, and there is at least one good paragraph, the assignment must fail, even if the verdict and judgment rest upon an insufficient paragraph. *United States Express Co.* v. *Rawson* (1886), 106 Ind. 215, 219; *Louisville, etc., R. Co.* v. *Peck* (1884), 99 Ind. 68, 69, and cases cited.

It is assigned for error that the court erred in overruling appellants' motion for a new trial. The causes for a new trial not waived require for their determination an 2. examination of the evidence. Appellee insists that appellants, by their failure to comply with the rules of this court, have waived a determination of said questions. The name of each witness, and whether the examination is direct or cross or redirect, is not stated on each page of the bill of exceptions, as required by rule three of this court. For this reason, the questions depending for their determination upon said bill of exceptions will not be considered. Ewbank's Manual, §119; *State* v. *Van Cleave* (1902), 157 Ind. 608; *May* v. *State* (1894), 140 Ind. 88, 94, 95; *Egan* v. *Ohio, etc., R. Co.* (1894), 138 Ind. 274; *State, ex rel.,* v. *Lankford* (1902), 158 Ind. 34-36; *Newman* v. *Newman* (1901), 26 Ind. App. 238, and cases cited; *Citizens St. R. Co.* v. *Damm* (1900), 25 Ind. App. 511, 520, 521, and cases cited; *Otis* v. *Weiss* (1899), 22 Ind. App. 161, 163; *Babcock* v. *Johnson* (1899), 22 Ind. App. 97, and cases cited.

Judgment affirmed.