## McCormick Harvesting Machine Company v. Hinchman.

[No. 5,501. Filed December 5, 1905. Petition to reinstate overruled January 4, 1906.]

APPEAL AND ERROR.—*Appellate Court Rules.—Transcript.—Index.* —Where appellant made an index to his bill of exceptions but failed to index the other portions of his transcript, as required by Appellate Court rule three, the appeal will be dismissed.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by the McCormick Harvesting Machine Company against Earl Hinchman. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*Eugene H. Bundy,* for appellant.
*William A. Brown* and *Reuben Conner,* for appellee.

BLACK, P. J.—In rule three of this court, relating to the preparation of the transcript on appeal, it is required

that the appellant "shall prepare an index referring to the initial page of the direct, cross and re-examination of each witness and of each pleading, exhibit and other paper in the record, such index to form the first page of the transcript." This requirement is additional to those in that rule which relate to marginal notes. See Ewbank's Manual, p. xlvi.

The appellee in his brief filed in due time, February 10, 1905, directed attention to the appellant's failure to comply with this requirement. Upon examination we find that while there is an index to the bill of exceptions containing the evidence, inserted immediately before the bill, there is no index of the other portions of the record, the transcript of which consists of twenty-seven typewritten pages preceding that bill of exceptions. The appellee claims that this is a failure to comply with the rule, for which he asks that the appeal be dismissed. We are not at liberty to ignore this suggestion. The matter is in all essential respects the same as that involved in the decision in *State, ex rel.,* v. *Lankford* (1902), 158 Ind. 34. See, also, *Dixon* v. *Poe* (1902), 158 Ind. 54; *Peterson* v. *Union Trust Co.* (1903), 160 Ind. 700; *Smith* v. *Sutton* (1904), 32 Ind. App. 362; *State* v. *Patton* (1902), 159 Ind. 248. There does not appear to have been any effort on the part of the appellant to cure this defect.

Appeal dismissed.