## PERPETUAL BUILDING, LOAN AND SAVINGS ASSOCIATION v. STILLER ET AL.

[No. 7,455. Filed October 5, 1911.]

1. APPEAL.—*Transcript.—Failure to Index.*—Appellant's failure to index its transcript so as to show the initial pages of the questioned paragraphs of answer and the demurrers thereto, constitutes a waiver of any alleged errors thereon. p. 418.

2. APPEAL.—*Failure to Index Transcript.—Dismissal.*—The failure of appellant to index its transcript, after notice of the defect, warrants a dismissal of the appeal; and for such defect the court may dismiss such appeal on its own motion. p. 419.

3. APPEAL.—*Weighing Evidence.—Right Result.*—The Appellate Court will not weigh conflicting evidence, and will affirm the judgment appealed from where a right result was reached on the merits.   p. 419.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Suit by the Perpetual Building, Loan and Savings Association against Bert E. Stiller and another.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*Foltz & Spitler,* for appellant.
*Abraham Halleck* and *Jasper Guy,* for appellees.

HOTTEL, J.—This is a suit by appellant against appellees, on a promissory note for $400, and to foreclose a mortgage on real estate given to secure said note.   There was a judgment for appellees for costs.   The complaint is in one paragraph, to which each appellee filed his separate answer, denying the execution of the note and mortgage.   Appellees also filed joint answers, designated as paragraphs three, four and five.   Demurrers were filed by appellant to each paragraph of answer, which demurrers were overruled, and exceptions saved.

The errors assigned call in question the action of the court in overruling the demurrers to the third, fourth and fifth paragraphs of answer, and in overruling the motion for a new trial; but appellant has in its brief urged only the insufficiency of the third and fifth paragraphs.

Appellant has deprived itself of a consideration of the question presented by the demurrers to these paragraphs of answer, by failing to comply with that part of rule 1. three of this court which requires an "index referring to the initial page  *  *  *  of each pleading, exhibit and other paper in the record, such index to form the first page of the transcript."   This rule, so far as it applies to the pleadings, has been entirely disregarded, and the only index found in the transcript is an index of the evidence, attached to the bill of exceptions near the middle of the

record. The rule is positive and of long standing, and its observance has been held imperative by this court and the Supreme Court. *State, ex rel.,* v. *Lankford* (1902), 158 Ind. 34; *Dixon* v. *Poe* (1902), 158 Ind. 54; *McCormick, etc., Machine Co.* v. *Hinchman* (1906), 37 Ind. App. 83; *Peterson* v. *Union Trust Co.* (1903), 160 Ind. 700; *Whinrey* v. *Starr* (1905), 35 Ind. App. 623.

If appellees had, in their brief, urged a dismissal of the appeal, because of appellant's failure to comply with said rule, and appellant, after having its attention called 2. to such an omission, had failed, as it has, to make any effort to correct or supply such omission before the cause came up for decision, there would be, under the authorities cited, nothing for this court to do but to dismiss the appeal; and we may add, that said authorities warrant this court in entering such dismissal on its own motion. But appellees make no insistence upon dismissal, and appellant has, by said index attached to its bill of exceptions, made an effort to comply with said rule, so far as it applies to an index of the evidence, and has also set out in its brief a copy of the complaint, and its exhibits, together with each defendant's answer of *non est factum* and plea of payment, the motion for a new trial, and the substance of the evidence. The sufficiency of these pleadings is, in effect, admitted by each party, respectively, and the correctness of the motion for a new trial, and of the statement of the evidence set out in said brief, is not questioned.

For the reasons indicated, instead of dismissing the appeal, we have examined the several grounds of the motion for a new trial, and this examination, together with a 3. careful review of the evidence in the case, convinces us that the motion presents no reversible error, and that the evidence is entirely sufficient to sustain the decision of the court upon the issues tendered by the complaint, said answers of *non est factum* and plea of payment and the de-

nial thereof, and that a correct decision upon the merits of the cause has been reached by the court below. The judgment is affirmed.