## EPSTEIN v. STATE OF INDIANA.

[No. 23,637. Filed May 25, 1920. Rehearing denied October 8, 1920.]

1. CRIMINAL LAW.—*Motion to Quash.—Briefs.—Sufficiency.*—In the absence of a copy of the indictment or a statement of its substance, and a copy or the substance of the motion to quash, in the defendant's brief, such brief presents no question as to the correctness of the court's action in overruling the motion to quash. p. 694.

2. CRIMINAL LAW.— *New Trial.— Briefs.— Sufficiency.*— Where neither the motion for a new trial nor its substance is set out in the defendant's brief, all questions sought to be presented thereby are waived. p. 695.

3. CRIMINAL LAW.— *Motion in Arrest.— Briefs.— Sufficiency.*— Where neither the indictment on which the judgment of conviction is founded, nor the motion in arrest, nor the substance of either, is set out in the defendant's brief, no question is presented on such motion for review. p. 695.

4. COURTS. — *Inherent Powers. — Statutory Powers. — Rules.*— Though §1373 Burns 1914, §1302 R. S. 1881, grants the Supreme Court power to frame rules, the court has such power without the statute, since the court is a constitutional body and receives its essential and inherent powers, including the power to make rules for its own direct government, from the Constitution. p. 696.

5. APPEAL.— *Briefs.— Rules of Court.— Judicial Power.*— The provisions of Rule 22 governing the preparation of briefs was not made for the exclusive benefit of the appealing parties, but

also to aid the Supreme Court in expediting business before it; and the rule, being within the court's inherent power, has the force and effect of law, and the court has power to enforce it of its own motion in all proper cases, which power cannot be taken away by legislative action.  p. 697.

From Marion Criminal Court (49,370) ; *James A. Collins*, Judge.

Prosecution by the State of Indiana against Samuel B. Epstein.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Jackiel W. Joseph, Henry Abrams* and *Albert C. Pierson,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

WILLOUGHBY, J.—The appellant was convicted in the criminal court of Marion county, Indiana, on an indictment charging him with having obtained money by false pretenses, and from the judgment of. conviction he appeals and assigns as error:   (1) That the court erred in overruling his motion to quash the indictment.   (2) That the court erred in overruling his motion for a new trial.   (3) That the court erred in overruling his motion in arrest of judgment.

The appellant's brief does not contain a copy of the indictment, does not state in substance the contents thereof, and does not contain a copy of the motion to quash, nor the substance of such motion, although it says the motion was in writing.   In the absence of any statement of the substance of said indictment or a copy thereof, and of the substance of the motion to quash or a copy of it, in appellant's brief, such brief presents no question as to the correctness of the court's action in overruling the motion to quash the indictment.  *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Myers* v. *State* (1909), 171 Ind. 673, 87 N. E. 141.

Appellant says the court erred in overruling his motion for a new trial, but such motion is not set out in said brief, nor the substance of it stated therein.

2. When neither the motion for a new trial nor the substance thereof is set out in appellant's brief all questions sought to be presented thereby are waived. *Tongret* v. *Carlin* (1905), 165 Ind. 489, 79 N. E. 887; *State, ex rel.* v. *Birden* (1918), 187 Ind. 466, 119 N. E. 865; *City of New Albany* v. *Kiefer* (1919), 70 Ind. App. 289, 123 N. E. 361.

Appellant also fails to set out in his brief his motion in arrest of judgment or the substance of it. Where neither the indictment upon which the judgment

3. is founded nor the motion in arrest is set out in appellant's brief, nor the substance of either of them stated therein, no question is presented to this court for decision. *Myers* v. *State, supra.*

No error being made to appear, the judgment is affirmed.

### PETITION FOR REHEARING.

WILLOUGHBY, J.—Appellant in his petition for rehearing insists that §3, Acts 1917 p. 523, §691c Burns' Supp. 1918, requires this court to consider the case upon its merits, although appellant failed to comply with cl. 5 of Rule 22 of this court, which requires that the briefs shall set out a concise statement of so much of the record as presents every error and exception relied on. In other words, he contends that by statute the legislature abolished the rule named. In his brief he says: "There is no doubt but that appellant's brief does not present the questions sought to be presented under the rules of this court, unless Section 3, Chapter 143, of the Acts of 1917, is constitutional and binding upon this court. The appellant believes that the act above referred to is constitutional and will en-.

deavor in this brief to convince this court that its decision in *Solimeto* v. *State*, 188 Ind. 170, 122 N. E. 578, is incorrect and that the same should be overruled." In support of his contention appellant cites §1373 Burns 1914, §1302 R. S. 1881, and *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677. Section 1373 Burns 1914, *supra*, provides that the Supreme Court shall have authority: *"First.* To frame, direct, and cause to be used, all process; to establish modes of practice which may be necessary in the exercise of its authority, and to make regulations respecting the same, and cause them to be printed. * * * *Fourth.* To establish regulations respecting proceedings which are requisite in such court in the exercise of its authority, not specially provided by law."

Appellant's contention is that the court derives its authority to make rules from this statute. While this statute grants the court the power to frame rules, it is quite clear on principle, as well as upon authority, that the court had such power without the statute. This court is a constitutional court, and as such receives its essential and inherent powers, rights and jurisdiction from the Constitution, and not from the legislature, and it has power to prescribe rules for its own direct government independent of legislative enactment. See Elliott, Appellate Procedure §7; *Smythe* v. *Boswell* (1888), 117 Ind. 365, 20 N. E. 263; *Ex parte Griffiths* (1889), 118 Ind. 83, 20 N. E. 513, 3 L. R. A. 398, 10 Am. St. 107.

In *Parkison* v. *Thompson, supra,* cited by appellant, the court, in discussing a statute relative to the consideration of the evidence on appeal, said: "The court's power to prescribe rules regulating the conduct of its business is inherent in the tribunal. It does not depend on any authority granted by the legislature. While the

latter may prescribe rules of procedure and pleading by which both courts and the parties in a cause are bound, nevertheless it cannot, under the Constitution, encroach on judicial domain by prescribing the manner and mode in which the courts shall discharge their judicial duties. The legislature has no more right to break down the rules prescribed by this court for conducting its official business than the court has to prescribe the mode and manner in which the legislature shall perform its legislative duties."

In *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578, this court, in discussing §3, Acts 1917 p. 523, §691c Burns' Supp. 1918, said: "So far as this act refers to the rules of this court and what shall be deemed a sufficient brief, and when defects in such brief shall be pointed out, the same is void. This court has power to make its own rules as to briefs, and as to the conduct of business before the court. It is not a legislative function to make rules for the court, or to say what the court shall consider a sufficient brief."

The principle underlying the decision in *Solimeto* v. *State, supra,* is sound and well established by reason and precedent. This court had the right to make the rule under consideration and, when made, it had the force and effect of law binding upon the court as well as appealing parties. The rule was not made for the benefit of the appealing parties exclusively, but also to aid the court in expediting the business before it. The court, therefore, has the power, as well as the imposed duty, to enforce it of its own motion in all proper cases, and this power cannot be taken away by legislative action. See *State, ex rel.* v. *Lankford* (1902), 158 Ind. 34, 62 N. E. 624; *State* v. *Van Cleave* (1902), 157 Ind. 608, 62 N. E. 446.

The petition for rehearing is overruled.