STANDARD LIFE INSURANCE COMPANY v. GRIGSBY.

[No. 11,341. Filed June 26, 1923.]

1. APPEAL.—*Review.—Overruling Motion to Make More Specific.—When Harmless.*—Overruling a motion to make a complaint more specific does not constitute reversible error, unless it is .shown affirmatively to have injured appellant. p. 234.

2. APPEAL.— *Review.— Overruling Demurrer to Complaint in Several Paragraphs.—Joint Assignment of Error.*—Where defendants filed separate demurrers to each of three paragraphs of complaint, .and the demurrer was sustained as to one paragraph and overruled as to the other two, an assignment of error that the court erred in overruling the demurrer to the complaint cannot be sustained unless both paragraphs to which the demurrer was overruled are insufficient. p. 234.

3. FORFEITURES.— *Enforcement.— Policy of Law.*— Forfeitures are not favored in law, and will be enforced only when it is clear that such was the intention of the parties. p. 235.

4. INSURANCE.—*Life Insurance.—Action on Policy.—Complaint. —Sufficiency.—Nonpayment of Premiums.—Excuse.*—In an action by a beneficiary on a life policy, complaint *held* good as against demurrer on the ground it showed a failure to pay certain premiums, and that no facts were alleged showing a valid excuse for such failure. p. 235.

5. PLEADING.— *Complaint.— Demurrer.— Waiver of Defects.— Failure to Specify in Memorandum.*—Objections to the sufficiency of the complaint are waived by failure to refer thereto in the memorandum accompanying the demurrer. p. 235.

6. EVIDENCE.—*Forfeiture of Life Policy.—Attempt to Reinstate Policy.*—In a beneficiary's action on a life policy, claimed by insurer to have lapsed for nonpayment of premiums, the mere fact that insured made application for reinstatement after failure to pay premiums when due, though a circumstance to be considered in determining whether the policy had been forfeited, is not conclusive on that question. p. 237.

7. INSURANCE.— *Life Insurance.— Forfeiture.— Failure to Pay Premiums.—Crediting Reserve to Extension of Policy.*—If insured's default in the payment of premiums on a life policy was excusable, the fact that the insurer had credited the policy with the reserve, and thereby extended it for a specified term, could not affect the beneficiary's right to recover on the policy. p. 237.

8. INSURANCE.—*Life Insurance.—Action on Policy.—Verdict.— Answers to Interrogatories. — Conflict. — Variance between Pleading and Proof.—Statutes.*—In a beneficiary's action on a life policy, claimed to have lapsed for nonpayment of pre-

miums, the fact that the answers of the jury to interrogatories showed that the premiums had been paid, whereas the complaint admitted that such premiums had not been paid, and alleged an excuse for nonpayment, does not establish an irreconcilable conflict between the answers and a general verdict for plaintiff, in view of §§400, 700 Burns 1914, §§391, 658 R. S. 1881, but the answers merely show a variance between the complaint and proof in that particular. p. 238.

9. APPEAL.—Review.—General Verdict.—Answers to Interrogatories.—The court on appeal, in passing on a motion for judgment on the answers to interrogatories, notwithstanding the verdict, will bring to the support of the verdict every fact which might have been established by any evidence admissible under the issues. p. 238.

10. APPEAL.—Review.—Instructions.—"Legal Excuse," for Nonpayment of Insurance Premiums.—In a beneficiary's action on a life policy, claimed to have lapsed for nonpayment of premiums, an instruction authorizing a recovery if plaintiff showed excuse for nonpayment of premiums was not erroneous because of the use of the expression "legal excuse," since, if such expression was understood by the jury to mean a reasonably just or valid excuse, as defined in another instruction, defendant was not harmed, and, if the jury understood that more should be required, the instruction was more favorable to defendant than the law warrants, and it cannot complain. p. 239.

From Hendricks Circuit Court; Zimri E. Dougan, Judge.

Action by Katherine Grigsby against the Standard Life Insurance Company. From a judgment for plaintiff, the defendant appeals. Affirmed.

William K. Whitfield, Otis E. Gulley and Watson & Esarey, for appellant.

Wilson & Wilson, for appellee.

BATMAN, J.—This is an action by appellee against appellant on a policy of insurance, issued by the latter to Harry Grigsby on January 1, 1918; and in which the former was named as the beneficiary. The amended complaint contained three paragraphs. Appellant filed a motion to require appellee to make her first paragraph more specific in certain particulars, which was

overruled. A demurrer was thereafter filed to each paragraph, which was sustained as to the second, and overruled as to the first and third. Appellant thereupon filed an answer in nine paragraphs. The first is a general denial. The second, third, fourth, fifth, sixth and seventh paragraphs allege the nonpayment of the premium due on said policy for November and December, 1918, and January, February, March and April, 1919, respectively, and that by reason of each of such defaults, the policy in suit terminated automatically, and became void and of no effect. The eighth paragraph alleges the nonpayment of the premium due on said policy for the months of November and December, 1918; the execution of an application by the assured for reinstatement, in accordance with the provisions of the policy; the receipt by appellant of the unpaid premium, upon the conditions contained in said application and policy; the denial of said application by appellant, followed by notice of such fact to the assured, and a return of the premium conditionally retained; the acquiescence of the assured in the denial of his application for reinstatement, the acceptance by him of said returned premium, and the failure of the assured to make any further payments of premium on the policy, or any tender thereof. The ninth paragraph alleges that the assured failed to pay the premium on the policy for the month of November, 1918; that upon such failure appellant credited the assured with the entire amount of the reserve due on the policy, which extended the same for a period of thirty days; that the policy lapsed, and became null and void, at the expiration of said period of extension, which was on a day prior to the death of the assured; that the assured filed his application for reinstatement, but the same was denied by appellant, and the policy was, therefore, null and void and of no effect at the time of his death. Appellee filed

a demurrer to each of said paragraphs of answer, except the first, which was sustained. The cause was submitted to a jury for trial, which resulted in a general verdict in favor of appellee, and a return of answers to certain interrogatories submitted to it. Appellant filed a motion for judgment in its favor on the answers to such interrogatories, notwithstanding the general verdict, which was overruled. Judgment was thereupon rendered on the general verdict, and this appeal followed.

Appellant's first contention relates to the action of the court in overruling its motion to require appellee to make her amended complaint more specific in

1.  certain particulars. An examination of the record relating to such motion discloses that it is directed to the first paragraph only. The action of the court in overruling such motion cannot be said to constitute reversible error, unless it is shown affirmatively to have injured appellant. *Western Life Indemnity Co.* v. *Lindsay* (1920), 74 Ind. App. 122, 127 N. E. 841; *Lipnik* v. *Ehalt* (1921), 76 Ind. App. 390, 132 N. E. 410. Therefore it suffices to say that, in our opinion, no such showing is made in the instant case.

Appellant's second contention is based on the assignment of error which charges, that the court erred in overruling its demurrer "to the amended com-

2.  plaint." This contention cannot be sustained, under such an assignment, unless it appears that both paragraphs of the amended complaint, to which the demurrer was overruled, are insufficient. *Ketcham* v. *Barbour, Exr.* (1885), 102 Ind. 576, 26 N. E. 127; *Hague* v. *First Nat. Bank* (1903), 159 Ind. 636, 65 N. E. 907. Therefore, we will consider the sufficiency of the first paragraph of the amended complaint only. Appellant bases its objection to the sufficiency of this paragraph chiefly upon an absence of a showing of the

following facts, as disclosed by the memorandum filed with its demurrer, viz.: That the assured paid the premium due on the policy in suit for the months of November and December, 1918, and months of January, February, March and April, 1919, or had a valid excuse for not so doing. It asserts, in effect, that such a showing is necessary to appellee's right of recovery, as the failure to pay such premium, in the absence of a valid excuse for not doing so, would work a forfeiture of the policy.

In determining the question presented we must bear in mind, that forfeitures are not favored in law. "Indeed, as a general rule, results flowing therefrom 3. are regarded as so odious that a forfeiture will be enforced 'only where there is the clearest evidence that such was the intention of the parties,' and to avoid such odious result, the courts are not slow in seizing hold of such circumstances as may have been acted on in good faith and which indicate an agreement on the part of the company, or an election to waive strict compliance with the conditions and stipulations in the policy." *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115.

The paragraph under consideration shows that the monthly installments of premium in question were not paid, and hence it only remains to be seen if a 4, 5. sufficient excuse therefor appears. It will be observed that the policy in suit, a copy of which is made a part of said first paragraph, contains the following provision relating to the payment of premiums: "All premiums are payable in advance at the Home Office of the Company, or to an agent of the Company, upon delivery of a receipt signed by the President or Secretary, and countersigned by the agent." It will also be observed that said first paragraph alleges, among other things, that appellant had a collector

in Indianapolis, and notified the assured and appellee to pay the monthly premiums on the policy to said collector at his office and place of business; that during each month of the year 1918, prior to November, appellee paid the monthly dues on said policy to appellant's collector at his place of business; that thereafter, during the months of November and December, 1918, she made repeated efforts to pay the dues on said policy to said collector, by calling at his office frequently for such purpose, but was unable to find him, or anyone to receive such dues; that she called said collector by phone a number of times during the month of December, 1918, in furtherance of her efforts to pay said dues, but was unable to find him until the thirty-first of said month; that at said time she offered appellant, through said collector, its authorized agent, the sum of $1.72, which was the full amount of the premium on said policy for the months of November and December, 1918; that appellant thereupon informed appellee, that said policy had been canceled for failure to pay the premium thereon due November 1, 1918; that appellee then explained to appellant that she had made efforts, in the manner described above, to pay said premium, and protested the cancellation of said policy; that she then and there tendered to appellant the full amount of the premium on said policy for the months of November and December, 1918, and demanded that the same be accepted as full payment of all dues thereon to January 1, 1919, and that said pretended cancellation be rescinded, but that appellant then refused, and ever since has refused to accept such dues, and has wrongfully continued to treat said policy as canceled, although appellee had tendered it the full amount due as premiums thereon several times, and demanded that it accept the same, and continue the policy in force. We are clearly of the opinion that appellee has alleged sufficient facts

in said first paragraph, to excuse the nonpayment of the several installments of premiums in question at their respective maturities, when the rule stated above is applied, unless it could be said that a failure to allege that such efforts to pay were made during usual business hours, was a fatal omission. *Rutherford* v. *Prudential Ins. Co.* (1905), 34 Ind. App. 531, 73 N. E. 202. Waiving any question as to the fact suggested being a proper inference from others alleged, it suffices to say that any obejction to the sufficiency of the first paragraph, based on the absence of such an allegation, has been waived by a failure to make a specific reference thereto in the memorandum accompanying the demurrer. *Lake Erie, etc., R. Co.* v. *Howarth* (1919), 73 Ind. App. 454, 124 N. E. 687, 127 N. E. 804, and cases cited; *Locomotive, etc., Ass'n* v. *Higgs* (1922), 79 Ind. App. 427, 135 N. E. 353.

Appellant's third contention relates to the action of the court in sustaining appellee's demurrer to each paragraph of its answer, except the first. What we have heretofore said in passing upon the demurrer to the first paragraph of the amended complaint clearly shows there was no error committed in sustaining the demurrer to the second, third, fourth, fifth, sixth and seventh paragraphs of answer, or any one of them. As to said eighth paragraph it suffices to say, that the mere fact that the assured made application for reinstatement did not bar her right to recover on the policy, under the facts alleged therein. Such fact, if proved, might be considered as a circumstance in determining whether the policy was in force, but would not be conclusive of such fact. The court did not err in sustaining a demurrer to said paragraph. Said ninth paragraph is clearly insufficient, as the act of appellant, in crediting the reserve and extending the policy as alleged, could not affect appellee's right of re-

covery, if the assured's default in the payment of premiums was excusable. No error is shown in sustaining a demurrer to this paragraph.

Appellant in its fourth contention asserts, that the answers to the interrogatories submitted to the jury are in irreconcilable conflict with the general verdict, and that the court, therefore, erred in overruling its motion for judgment in its favor on such answers. It bases this contention chiefly on the fact, that while the amended complaint admits that the installments of premium for certain months had not been paid, and alleges an excuse for such nonpayment, the answers to the interrogatories show that such installments of premium had been paid. In answer to this contention it suffices to say, that such answers merely show a variance between the allegations of the amended complaint and the proof, in the particular mentioned. This falls far short of establishing an irreconcilable conflict between such answers and the general verdict, in view of the provisions of §§400, 700 Burns 1914, §§391, 658 R. S. 1881.

The only other contention made by appellant in support of the alleged error under consideration, is based on the fact that the answers to the interrogatories show, that the assured made no effort to pay the installments of premium due for the months of November and December, 1918, and the month of January, 1919, except by the delivery of cash to its local agent. This contention cannot be sustained under the settled rule, that the court, in passing on a motion for judgment on the answers to interrogatories, will bring to the support of the general verdict every fact which might have been established by any evidence admissible under the issues. *Longfellow* v. *Vernon* (1914), 57 Ind. App. 611, 105 N. E. 178; *Fostoria Oil Co.* v. *Gardner* (1919), 72 Ind. App. 509, 124 N. E. 467.

Appellant's final contention is based on the action of the court in overruling its motion for a new trial. In support thereof it calls our attention to instructions Nos. 4 and 6, and asserts that each is erroneous for the reason that each, in effect, informed the jury that appellee could recover, although the assured may not have paid all the premiums due on the policy, if the evidence showed a "legal excuse" for his failure in that regard. We cannot agree with appellant as to the effect of the words quoted. If we assume that the jury understood from their use, that a reasonable, just or valid excuse was intended, such as is disclosed in instruction No. 7, then appellant was not harmed by their use in said instructions, but, if the jury understood that the excuse should be more than we have indicated, then each of said instructions would have been more favorable to appellant than the law warrants—a fact of which it would have no just cause to complain. We deem other objections to said instructions, as well as the objections to instruction No. 7, to be without merit, and therefore hold that the court did not commit reversible error in giving any one of them.

We sustain appellee's contention with reference to other questions, which appellant has attempted to present, in support of its motion for a new trial, based upon the following: Ewbank's Manual (2nd ed.) §§119 and 119a; *Buckeye, etc., Co.* v. *Stewart-Carey, etc., Co.* (1915), 60 Ind. App. 302, 310, 110 N. E. 710; *Roberts* v. *Wolfe* (1905), 165 Ind. 199, 74 N. E. 990; *Whinrey* v. *Starr* (1905), 35 Ind. App. 623, 625, 74 N. E. 32; *Egan* v. *The Ohio, etc., R. Co.* (1894), 138 Ind. 274, 37 N. E. 1014; *Smith* v. *State, ex rel.* (1894), 140 Ind. 340, 36 N. E. 708. Failing to find any reversible error in the record, the judgment is affirmed.