The Island Coal Company v. Clemmitt, by Next Friend.

Judgment affirmed.

Filed Jan. 11, 1895. Petition for rehearing overruled Apr. 5, 1895.

No. 1,346.

THE ISLAND COAL COMPANY v. CLEMMITT, BY NEXT FRIEND.

APPELLATE COURT PRACTICE.—*Appeal, Dismissal for Failure to File Brief Within Sixty Days.—Supersedeas Brief, When Will not Save from Dismissal.*—A supersedeas brief will not save an appeal from dismissal (where a more general brief has not been filed within sixty days from the time of submission), which does not discuss any point relied upon for a reversal of the case.

From the Greene Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*W. L. Slinkard* and *E. Short,* for appellee.

REINHARD, J.—The appellee has filed his motion to dismiss this appeal, and briefs have been submitted upon the motion by counsel on both sides. It appears from the record that the transcript in this case was filed May 2, 1894; the cause was submitted, on notice, June 4, 1894, and the appellant filed its regular or general brief February 1, 1895, after having filed a supersedeas brief May 2, 1894, with the filing of the transcript. Thus it

will be seen that between the time of the submission of the cause and the time of the filing of the appellant's regular and general brief, a period of nearly eight months elapsed.

Rule 19 of this court provides that the appellant shall have sixty days time after the submission of a cause in which to file a brief, and if a brief is not filed within the time limited, the clerk shall enter an order dismissing the appeal, unless the appellee shall have filed with the clerk a written request that the case be passed upon by the court.

Under practically the same rule in the Supreme Court it was held by that tribunal that where the appellant failed to file any brief until more than sixty days had expired after the submission of the cause, the appeal stood dismissed, and the failure of the clerk to note or enter such dismissal could not amend, waive or invalidate the rule. *Stephens* v. *Stephens*, 51 Ind. 542.

In *Murray* v. *Williamson*, 79 Ind. 287, it was ruled that where the appellant's brief was not filed until more than sixty days had expired after submission, the clerk should have entered a dismissal, and the fact that he omitted to do so did not prevent the order from being made by the court, as in such a case the appellee has the right to have his case dismissed.

In *Heckelman* v. *Rupp*, 85 Ind. 286, the court again held that if the brief was not filed within the time limited, the appeal should be dismissd. But, in the same case it was also determined that if the appellant, within the sixty days, filed any brief, stating clearly the points relied upon, the rule was complied with and the appellant was not concluded from filing a more elaborate brief afterwards.

In *Sagasser* v. *Wynn*, 88 Ind. 226, it was declared that the rule imperatively required the appellant's brief to

be filed within sixty days from the date of submission, and that if not so filed the appeal must be dismissed, the filing of such brief after the expiration of the sixty days not being sufficient to prevent such dismissal.

And again this point was decided in harmony with the cases alluded to in *Shulties, Admr.*, v. *Keiser*, 95 Ind. 159.

The Appellate Court in *Louisville, etc., R. W. Co.* v. *Widman*, 9 Ind. App. 190, followed the ruling in the cases hereinbefore cited, but held that a supersedeas brief, which refers by page and line to the record, whenever necessary, and which states concisely at least some of the propositions relied upon for a reversal, and supports the same by argument, is sufficient to prevent a dismissal.    See, also, *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353.

It is clear, we think, from the foregoing authorities, that the present appeal must be dismissed, unless the appellant can be said to have complied with the rule by the filing of its supersedeas brief.

In this so-called brief the appellant states the nature of the action, the pleadings, and rulings of the court in connection therewith; the fact that a jury trial was had and the result of the same; the filing of the motion for a new trial, and the causes therein assigned; the ruling of the court upon the motion; the errors assigned in the Appellate Court, and the further fact that the appellant relies for a reversal of the judgment of the lower court in overruling the demurrer to each of the paragraphs of the complaint and in overruling appellant's motion for a new trial upon the grounds stated in the said motion for a new trial, and "contends that the defendant was entitled to a new trial upon each and all the grounds stated in the motion for a new trial."

This is the sum and substance of the contents of what appellant's counsel denominate their supersedeas brief.

The Island Coal Company *v.* Clemmitt, by Next Friend.

It is proper to state, however, that it contains references by lines and pages to the transcript in proof of the statements of what is shown by the record. But the paper does not advance a single argument nor cite a single authority in support thereof. It does not require us to decide a single proposition. We learn from it that appellant contends, or will contend, that he was entitled to a new trial upon the grounds stated in the motion for a new trial, but this is not an argument. If this were sufficient as an argument, then all that would be necessary to constitute an argument or discussion in any case would be to refer to the cause assigned in the motion for a new trial, and insist that the ruling of the trial court was wrong for the reason assigned in such motion, and without the assigning of a single additional reason, or, to speak more correctly perhaps, without the giving of a single reason why the cause assigned in the motion should have prevailed. Such practice as this is not sanctioned, but is expressly forbidden by the authorities.

"It is not enough [says a learned author] to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong or the point will not be considered as having been made. Counsel can not make a point in an appellate tribunal by a naked general assertion, for such an assertion will not be heeded. Even if counsel do not succeed in convincing the higher court that the trial court erred they will, nevertheless, gain something which would otherwise be lost, by an effort to do so, inasmuch as they will secure notice of the point stated, unless indeed, it is wholly without merit. But, in order to secure so much as notice of the point stated, they must support it by a fair effort, adducing arguments and, if they can, citing authorities." Elliott's App. Proced., section 445.

We think, perhaps, if the appellant had only "discussed" a single one of the points relied upon for a reversal, he would have brought himself within the rule, and would afterwards be permitted to discuss other points not discussed in the supersedeas brief, if the latter brief were filed before the brief of appellee. But where there is no discussion of any point relied upon, there is no brief within the meaning of the rule requiring one to be filed within the time named.

There is, of course, no claim here that the time for filing the appellant's brief was extended by the court, or that the appellee has in any manner waived his right to a dismissal. The rule is easily complied with, and should be enforced in a proper case.

Appeal dismissed.

Filed April 2, 1895.