PROVIDENCE COAL CO. *vs.* COXE BROS. & CO.

The decision previously rendered in this case, Index RR. p. 198, affirmed.

After the decision in this case, reported in Index RR. p. 198, the plaintiffs moved for a reargument.

*July* 21, 1896. PER CURIAM. The case which the plaintiffs seek to raise by their reargument, and which they also attempted to make on the original hearing, is not the case made by the declaration. Our opinion was rendered on the declaration as it is framed. The declaration avers a readiness and willingness of the plaintiffs at all times to receive the installments of coal which the contract required them to receive, and claims damages for the refusal of the defendants to deliver the coal according to the contract. The Common Pleas Division found on the evidence that, though constantly urged by the defendants to take the coal to be shipped in July,

August, September, October and November, 1892, the plaintiffs neglected to do so and received but a small portion of one installment, shipped with coal under a former contract. The plaintiffs thus being in default, we held that on the declaration as framed, averring their readiness and willingness at all times to receive the coal according to the contract, and claiming damages generally as for an entire breach of the contract, they were not entitled to recover for the refusal of the defendants to ship the installments of coal for the months of December, 1892, and January, 1893. We see no reason to change our decision.

It seems to us that to raise the question which the plaintiffs seek to raise, the declaration should set forth that, though the plaintiffs neglected to send for and receive the coal required to be shipped during July, August, September, October and November, 1892, and though the defendants were entitled to rescind the contract on that account, they nevertheless did not rescind it but treated it as continuing in force, and therefore were bound to deliver to the defendants on their demand, the installments of coal for December, 1892, and January, 1893 ; and that, though the plaintiffs demanded the installment which the defendants were so bound to deliver in December, 1892, the defendants refused to deliver the same and to deliver any coal under the contract, &c.

The plaintiffs suggest that the averment in the declaration of a readiness and willingness on their part to receive the coal may be regarded as immaterial, and rejected as surplusage. We do not think that it can be so treated. The declaration proceeds on the theory that the contract was an entire contract. In that view, the averment of a readiness and willingness to receive the coal, or, in other words, to perform the contract by the plaintiffs, was a condition precedent to the right to recover. The case which the plaintiffs now seek to establish is that the contract, though an entire contract, is so far separable that its installments or deliveries may be treated as separate or independent stipulations of the contract, so that the plaintiffs are entitled to sue, notwith-

standing the fact that they were not ready and willing to perform the entire contract on their part, for such of the installments as they had been ready and willing to receive, because the plaintiffs had not elected to treat the contract as at an end, and had not rescinded it before the demand by the plaintiffs for an installment of the coal deliverable under the contract at the time of the demand.

*James Tillinghast & Theodore F. Tillinghast*, for plaintiffs.

*James M. Ripley & John Henshaw*, for defendants.