THE CITIZENS' STREET RAILROAD COMPANY. v. UNION
TRUST COMPANY, ADMINISTRATOR.

[No. 2,449.. Filed February 2, 1898.   Petition to reinstate denied
February 24, 1898.]

APPEAL AND ERROR.—*Dismissal for Failure to File Brief.—Super-
sedeas Brief.—Rules of Appellate Court.*—The filing of a superse-
deas brief advancing no argument, citing no authority, and giv-
ing no reason why the judgment of the lower court should be re-
versed, will not prevent the dismissal of the cause under rule nine-
teen of the Appellate Court requiring appellant to file a brief within
sixty days from the submission thereof.

From the Putnam Circuit Court.   *Appeal dismissed.*

*W. H. Latta, Ferdinand Winter, W. H. H. Miller,
J. B. Elam, T. T. Moore* and *G. C. Moore*, for appellant.
*S. A. Hays* and *W. J. Beckett,* for appellee.

COMSTOCK, J.—Appellee moves to dismiss the ap-
peal in this cause, for the reason that appellant has
not filed a brief within sixty days after the submission
of the cause, as required by rule nineteen of this court.
Upon this motion briefs have been submitted on both
sides. The record shows that final judgment was
rendered December 9, 1896; that the transcript was
filed April 27, 1897; the cause submitted on notice,
and supersedeas brief filed April 28, 1897.   August
27, 1897, appellant filed its general brief.

Rule nineteen provides that the appellant shall
have sixty days time after the submission of a cause
in which to file a brief, and, if a brief is not filed within
the time limited, the clerk shall enter an order dis-
missing the appeal, unless the appellee shall have
filed with the clerk a written request that the case be
passed upon by the court.   The written request pro-
vided for has not been filed, and unless the super-
sedeas brief filed April 28, can be considered a brief
within the requirements of this court, the motion

must be sustained. Under a like rule of the Supreme Court, that tribunal has held that, when the appellant failed to file any brief until more than sixty days had elapsed after the submission of the cause, the appeal stood dismissed, and the failure of the clerk to enter such dismissal could not amend, waive or invalidate the rule. *Stephens* v. *Stephens*, 51 Ind. 542. The rule has been recognized and enforced in the following cases: *Murray* v. *Williamson*, 79 Ind. 287; *Sagasser* v. *Wynn*, 88 Ind. 226; *Shulties* v. *Keiser*, 95 Ind. 159; *Leatherman* v. *Board, etc.*, 148 Ind. 282; *Cline* v. *Gould*, 17 Ind. App. 647.

It may be difficult to prescribe a definite rule as to what a brief should contain; yet the Supreme Court and this court have passed upon the sufficiency of papers filed as briefs to comply with the rule under consideration. In *Parker* v. *Hastings*, 12 Ind. 654, the Supreme Court says: "In America, at least in Indiana, a brief, in addition to the statement in the case above mentioned, should contain a summary of the points or questions involved, with a citation of authorities, if authorities are relied on and an argument based upon both."

In *Gardner* v. *Stover*, 43 Ind. 356, the Supreme Court thus defines a brief: "A brief, within the meaning of rule fourteen, is some kind of a statement of the case for the information of the court. We will not say that it should be as full as required by an attorney to counsel, still, it should at least, purport to furnish the court some information; some aid in deciding the case. An attempt should be made to show why the judgment of the court below should be reversed or affirmed."

In *Louisville, etc., R. W. Co.* v. *Widman*, 9 Ind. App. 190, the court held that a supersedeas brief which referred by the page and line to the record whenever

necessary, and which states, concisely at least some of the propositions relied upon for a reversal, and supports the same by argument, is sufficient to prevent dismissal.

In *Island Coal Co.* v. *Clemmitt,* 12 Ind. App. 206, appellee moved to dismiss the appeal for a failure of appellant to comply with the rule in question. In the supersedeas brief the nature of the action, the pleadings, and rulings of the court in connection therewith, the fact that a jury trial was had and the result of the same, the filing of a motion for a new trial, and the causes therein assigned, the ruling of the court upon the motion, the errors assigned in the Appellate Court, and the further fact that appellant relied for a reversal of the judgment of the lower court, in overruling the demurrer to each paragraph of the complaint, and in overruling appellant's motion for a new trial, upon the ground stated in the said motion for a new trial and "contends that the defendant was entitled to a new trial upon each and all the grounds stated in the motion for a new trial." It further contained a reference by lines and pages in the transcript. Judge Reinhard, speaking for the court, said: "But the paper does not advance a single argument nor cite a single authority in support thereof. It does not require us to decide a single proposition.  *  *  * We think, perhaps, if the appellant had only 'discussed' a single one of the points relied upon for a reversal, he would have brought himself within the rule, and would afterwards be permitted to discuss other points not discussed in the supersedeas brief, if the latter brief were filed before the brief of appellee. But where there is no discussion of any point relied upon, there is no brief under the meaning of the rule requiring one to be filed within the time named."

In the case at bar the brief is short, and we set it

out in full, omitting title and prayer for supersedeas: "This case is appealed to this court to obtain a definite rule of law as to the validity of a settlement of a damage claim with the widow and heirs of a decedent, for any purpose, and to find out how far, if at all, such a settlement is a bar to an action by an administrator for the same claim. This question is presented by the demurrer to the second, third, fourth, and fifth paragraphs of the answer. Rec. 45 and 46. This is the principal point at issue in the case. Others will be discussed in the full briefing of the case, but this is the first error of the court of which complaint is here made, and, if this error had not been made, probably no other question would have arisen."

Appellant relies upon the opinion in *Heckelman* v. *Rupp*, 85 Ind. 286, under which it claims the supersedeas brief filed in this case is sufficient to prevent dismissal. The opinion does not set out the brief. It states that points upon which appellants relied for the reversal of the judgment are so clearly and distinctly stated that it would have been the duty of the court to consider and decide them even if no additional brief had been filed.

We think so much cannot be fairly said of the brief before us. It advances no argument, cites no authorities, gives no reason why the judgment of the lower court should be reversed. Under the decisions cited, it does not comply with the rule. The motion is made upon the first appearance of appellee in this court,— and is therefore made in time. The rule is mandatory. The motion is sustained.