## OTIS ET AL. *v.* WEISS.

[No. 2,777. Filed April 4, 1899.]

APPEAL AND ERROR.—*Assignment of Error.*—Assignments of error that the judgment is excessive, that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving certain instructions, only embody reasons properly assignable in a motion for a new trial, and present no questions for review on appeal. *p. 162.*

SAME.—*Record.*—An alleged error in overruling a motion for a new trial will not be reviewed on appeal, where the bill of exceptions showing the alleged error is not made part of the record. *p. 162.*

APPEAL AND ERROR.—*Record.*—*Instructions.*—Where it is attempted to make the instructions a part of the record without a bill of exceptions, they must be filed in the clerk's office as a part of the papers in the cause. *pp. 162, 163.*

SAME.—*Court Rules.*—*Transcript.*—*Dismissal of Appeal.*—Where appellant disregards rule thirty of the Appellate Court requiring the transcript to be paged and the lines of each page to be numbered, and marginal notes to be placed on the transcript indicating the several parts thereof, the cause will be dismissed. *p. 163.*

From the Newton Circuit Court.  *Appeal dismissed.*

*Cummings & Darroch,* for appellants.

*Frank Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellee.

HENLEY, J.—The assignment of errors in this cause, omitting the caption and conclusion, is as follows: (1) The damages assessed by the jury are excessive. (2) The assessment of the amount of recovery is erroneous, being too large. (3) The verdict of the jury is not sustained by sufficient evidence. (4) The verdict of the jury is contrary to law. (5) The court erred in giving instructions numbered five, six, seven, eight, nine, eleven, twelve, and thirteen. (6) Overruling appellants' motion for a new trial.

The first five specifications present no question for review to this court.  They only embody reasons properly assignable in a motion for a new trial.  Neither does the sixth specification present to this court any of the questions argued by counsel for appellant.  The bill of exceptions containing the evidence is not a part of the record.  The record does not show in a proper manner that the bill of exceptions was filed in the clerk's office after its signature by the trial judge.  It is not incorporated into the transcript, and is not certified to be, nor identified as a bill of exceptions by the clerk of the trial court.  See *McCormick Harvesting Co.* v. *Smith,* 21 Ind. App. 617, and cases cited.  The instructions are not in the record.  The record does not show that as such instructions they were filed in the clerk's office as a part of the

papers in the cause. This is imperative where it is attempted to make the instructions a part of the record without a bill of exceptions. *Steeg* v. *Walls*, 4 Ind. App. 18; *Ft. Wayne, etc., R. Co.* v. *Beyerle*, 110 Ind. 100; *Loeb* v. *McAlister*, 15 Ind. App. 643; *Fitzmaurice* v. *Puterbaugh*, 17 Ind. App. 318.

But the record in the cause presents a further objection on account of which this cause must be dismissed. Rule number thirty of this court has been wholly disregarded. It has been held often by this court and the Supreme Court that it is not only the right, but the duty, of the court to enforce these rules. *Babcock* v. *Johnson, ante*, 97, and cases cited. The appeal is therefore dismissed.