### NEWMAN v. NEWMAN.

[No. 3,274. Filed Nov. 22, 1900. Rehearing denied Feb. 12, 1901.]

APPEAL AND ERROR.—*Waiver.*—An assignment of error which is not discussed is waived. *p. 239.*

SAME.—*Record.*—*Marginal Notes.*—The evidence will not be considered on appeal where counsel fails to comply with rule thirty as to marginal notes. *p. 239.*

From the Posey Circuit Court. *Affirmed.*

*W. S. Hurst* and *G. V. Menzies,* for appellant.

*J. G. Winfrey, A. L. Doss, L. M. Wade* and *L. Wade,* for appellee.

HENLEY, J.—Appellee brought this action against appellant for damages resulting from the alleged alienation of the affections of appellee's husband by appellant. The trial resulted in a verdict and judgment in favor of appellee for $1,500.

Appellant has assigned as error (1) the overruling of her motion for a new trial; (2) that the amended complaint does not state facts sufficient to constitute a cause of action.

The error, if any, presented by the second specification of the assignment of errors is waived on account of the failure to discuss it. Under the first specification counsel for appellant have favored us with an able argument upon the question of the sufficiency of the evidence to sustain the verdict, but in the preparation of the voluminous bill of exceptions containing the evidence counsel have failed to comply with rule thirty of this court. The marginal notes required by this rule are not to be found. It is not only the right but the duty of the court to enforce this rule. *Smith* v. *State,* 140 Ind. 340; *Harrod* v. *State,* 24 Ind. App. 159; *Otis* v. *Weiss,* 22 Ind. App. 161; *Babcock* v. *Johnson,* 22 Ind. App. 97; *Citizens St. R. Co.* v. *Union Trust Co.,* 19 Ind. App. 402.

On account of the failure to comply with rule thirty of this court, the questions presented depending upon the bill of exceptions will not be considered.

Judgment affirmed.