His Honor, JOHN ST. PAUL
rendered the opinion and decree of the Court, as follows:
The defendant placed her name on the hack of a note the purport of which was that the signers, endorsers, guarantors and sureties bound themselves in solido for the payment thereof, waived presentment, etc., and consented that payment might be extended without notice.
The note was extended a first and then a second time without her knowledge or consent, by which second extension she claims she was discharged.
If defendant was a signer or maker of the note, i. e., one primarily liable, or a principal debtor, as contradistinugished from an endorser, guarantor or surety, i. e., one secondarily liable, or a surety (in its generic sense of one liable for the defyt of another), then it is immaterial how many extensions may have been granted regardless of any waiver or want of waiver on that score.
On the other hand, if defendant was only secondarily liable, if she was merely bound to pay the debt of another, then the question arises whether or not her consent that payment of the note might be extended without notice, covered more than one extension or only one such.
We cannot bring ourselves to the conclusion that one who places his name on the back of such a note instead of at the foot thereof, is a maker, a signer, or principal debtor upon such note.
As well said by Mr. Justice Provosty in his dissenting opinion in Bank vs. Dresser (61 Sou. Rep., 563): “The proper place for the signature of the maker of a note is naturally at the end or bottom of the note.” And this is fully borne out not only by common sense but also by *360 the text of the negotiable instrument law (Act 64 of 1904).
For the first section of that act (par. 1) requires that a note be signed by the maker, whilst Section 17 declares (par. 7) that where an instrument containing the words “I promise to pay” is signed by two or more persons, they are deemed to be jointly and severally liable thereon. If then a note reading as above, be signed at the bottom by one person and on the back by another, it is clear that if both persons have signed the same within the meaning of the act, they are both makers instead of one being a maker and the other an endorser; which ot course is absurd. So that the only signer or maker of a note is one who signs, at the bottom or end thereof.
Likewise Mr. Justice Breaux in his dissenting opinion in the same case (61 Sou. Rep., 571) says: “The negotiable instrument law, containing the rule that the party who signs the note otherwise than as maker, drawer or acceptor, shall be deemed an endorser unless words are used showing a different intent, is not changed by the use of the words in solido. ’ ’
And Mr. Justice Monroe, speaking for a unanimous Court in Dresser vs. Bank, 136 La., 314, held that: “The name appearing upon the back of the note (of the same tenor .as that herein sued on) does not appear as that of a maker either within the contemplation of contract represented by the note, or within the contemplation of the law of this State.”
So that granting that a person whose name appears on the back of a note so drawn thereby waives certain rights which might otherwise belong to Mm in his capacity of endorser, surety or guarantor, nevertheless such a person is not a maker or signer of the note, is not primarily *361 liable thereon, and is not a principal debtor thereon; and 'being only secondarily liable thereon, preserves all the •rights accruing to him as such, except those which he has waived in the instrument itself or otherwise.
We are therefore of opinion that the defendant in this case was not a’ person primarily liable upon the note herein sued on, and the only question remaining is whether her consent that the note might be extended without notice covered more than one extension.
II.
in considering this question of course we are not concerned with authorities holding that a surety may waive a defense based on the ground of extension granted the principal, nor yet are we concerned with authorities holding that a consent to one extension is not a consent to other extensions not provided for; but the question is narrowed down to this single proposition whether consent by the surety to the extension of the obligation without notice to him, embodied in the instrument itself, covers only one extension, or covers a series of extensions from time to time.
And we find the following authorities directly in point to the effect that such a stipulation covers one single extension and no more, to-wit.
Matchett vs. Anderson Foundry, 12 Ind. App., 207 (64 N. E., 229, 94 Am. State 272); Miller vs. Spam, 41 Ohio State, 376; Oyler vs. McMurray, 7 Ind. App., 645 (34 N. E., 1004); Hodge vs. Farmers’ Bank, 7 Ind. App., 94 (34 N. E., 123); Rochester Bank vs. Chick, 64 N. H., 410 (13 Atlantic, 872).
*362 Opinion and decree, June 12th, 1915.
Rehearing granted, June 30th, 1916.
And we have not been handed, nor have we ourselves been able to find, any authorities to the contrary.
The judgment appealed from is therefore reversed and it is now ordered that plaintiff’s demand be rejected at his cost in both ’Courts.