BUCKEYE WINDOW GLASS COMPANY *v.* STEWART-CAREY GLASS COMPANY.

[No. 8,534. Filed December 15, 1915.]

1. APPEAL.—*Briefs.—Waiver of Error.*—An alleged error must be regarded as waived where appellant's brief contains no proposition or point directed thereto.  p. 309.

2. APPEAL.—*Questions Presented.—Ruling on Demurrer.—Briefs.*— No question is presented by an assignment of error in overruling a demurrer, where neither the pleading, to which the demurrer was addressed, nor its substance is set out in appellant's brief.  p. 310.

3. APPEAL.—*Assignment of Errors.—Transcript.—Failure to Comply With Rules.*—Where, in the preparation of the transcript, appellant has not complied with that part of Rule 3, specifying that where the evidence is set out, the name of each witness and whether the examination is direct, cross or redirect shall be stated in the·

NOVEMBER TERM, 1915.          303

Buckeye, etc., Co. *v.* Stewart-Carey, etc., Co.—60 Ind. App. 302.

margin of every page, the court must disregard the assignment of error in the overruling of the motion for a new trial in so far as questions arising on the evidence are concerned.    p. 310.

4.  APPEAL.—*Invited Error.—Admission of Evidence.*—Nothing is presented by the alleged erroneous admission of evidence, where the record shows that the objectionable evidence was introduced by appellant rather than by appellee.    p. 310.

5.  APPEAL.—*Assignment of Errors.—Waiver.*—An assignment of error not discussed by appellant is waived.    p. 310.

6.  SALES.—*Action for Price.—Evidence.*—In an action for the price of a carload of window glass sold to defendant through plaintiff's selling agent, a letter written by such agent to defendant acknowledging receipt of a copy of specifications forwarded by defendant the day before, together with a prior telegram from the selling agent's representative to defendant, to the effect that the selling agent accepted defendant's order for two cars of window glass, and that plaintiff's president would call, were properly admitted in evidence, since the telegram was an essential part of the contract, and the letter was a step in the consummation of the arrangements made.    p. 311.

7.  SALES.—*Contracts.—Stipulations as to Time.—Waiver.—Estoppel.*—Where plaintiff accepted defendant's order for two cars of window glass on the stipulation that shipments should be made in October, and shipped one car on October 29, which defendant accepted and paid for on November 10, and defendant, on October 31, notified plaintiff that it would not accept shipments made after that date, defendant's acceptance of the first shipment, though subsequent to the time when second shipment was sent forward, was not a waiver of any of defendant's rights and did not estop it from  insisting that time was of the essence of the contract.    p. 313.

From Superior Court of Marion County (82,300); *Charles J. Orbison*, Judge.

Action by the Buckeye Window Glass Company against the Stewart-Carey Glass Company.   From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Guilford A. Deitch, John M. Sheets* and *Frank G. West*, for appellant.

*Ovid B. Jameson* and *Linn D. Hay*, for appellee.

CALDWELL, J.—Appellant, an Ohio corporation, doing business at Columbus, Ohio, commenced this action against appellee, an Indiana corporation do-

ing business at Indianapolis, to recover a balance alleged to be due on a contract by which the former sold to the latter, two carloads of window glass for future delivery. The complaint is in three paragraphs, designated as first, third and fourth. The first paragraph is a common count for goods consisting of one carload of window glass sold and delivered. The third paragraph is on the theory that the contract consisted of an order and an acceptance each in writing, and in the form of letters set out in the paragraph. These letters alleged to have been written, mailed and received by the respective parties are as follows:

"Indianapolis, Ind., October 3, 1910. Buckeye Window Glass Co., Columbus, Ohio. Gentlemen: We enclose specifications for two cars window glass, which we are sending you as per instructions of the Innes-Weld Glass Company of Chicago. If you will notice, there is 100 boxes 16x24 D. S. A. on this list, and we would thank you to forward these 100 boxes without fail in the first car, as we are in need of same, as we have an order for same. Kindly give this order your prompt attention, and oblige. Yours truly, Stewart-Carey Glass Company.

Columbus, Ohio, October 5, 1910. Stewart-Carey Glass Company, Indianapolis, Ind. Gentlemen: We are in receipt of your specifications for 1,112 boxes of glass through our selling agents, The Innes-Weld Glass Company of Chicago. We thank you for the order, and beg to assure you that the same shall have our careful attention, and shipment subject to unavoidable delay. Very respectfully, The Buckeye Window Glass Company."

It is further alleged that appellee agreed to pay appellant the market value of the glass in the sum of

NOVEMBER TERM, 1915.     305

Buckeye, etc., Co. *v.* Stewart-Carey, etc., Co.—60 Ind. App. 302.

$4,349; that on October 28, 1910, appellant delivered one carload of glass to a railroad company at Columbus, which carload was shipped to appellee October 29, and received, accepted and paid for by appellee in the sum of $2,391.74; that on November 1, appellant delivered to the railroad company at Columbus for shipment to appellee the remaining carload, which was of the value of $1,957.26 but that appellee refused to receive or pay for same the agreed sum of $1,957.26. A copy of the specifications which appellee enclosed to appellant in the letter dated October 3, is made a part of this paragraph. The specifications show only the number of boxes, sizes and quality of glass.

Appellee filed to the first paragraph of complaint an answer in three paragraphs: the first, a general denial; the second, the statute of frauds, concerning the sale of goods, wares and merchandise; and the third, to the effect that the contract was entered into September 29, 1910, and specified that the glass was to be delivered in October; that appellant failed to deliver the glass as agreed, and for that reason, appellee, pursuant to notice to appellant, cancelled the contract October 31. To the third paragraph of complaint appellee also filed an answer in three paragraphs: the first, a general denial; the second, the statute of frauds, and that appellees accepted and paid for one carload of glass shipped to it as agreed, but notified appellant that it would not accept and did not accept goods shipped after October; the third paragraph alleges that the Innes-Weld company acted for appellant as agent in making the contract. In other respects this paragraph is similar to the third paragraph of answer to the first paragraph of complaint. A demurrer having been sustained to the second paragraph of answer to the

third paragraph of complaint, and overruled to the third, and replies filed, appellant thereafter filed a fourth paragraph of complaint. We copy from appellant's brief its interpretation of the paragraph as follows: "The fourth paragraph of complaint is predicated on the theory that even though the contract were for the delivery of the glass in the month of October, the appellee had accepted that part of said glass shipped October 28, knowing at the time of acceptance, and at the time of making payment for the same that the balance of said glass had not been shipped in the month of October, and had thereby waived the requirements as to time, if time was the essence of the contract, and estopped itself to refuse the balance of the order and to deny its liability to pay for same." The fourth paragraph of complaint becomes important primarily in determining the sufficiency of the second paragraph of answer filed to it. The paragraph, as interpreted by appellant, apparently concedes as a matter of pleading that appellant obligated itself to deliver the glass in October, and that time is of the essence of the contract, but that under certain facts pleaded, appellee "waived the requirements as to time", and estopped itself from refusing to accept glass shipped after October. Supplementing appellant's brief from the record, additional facts are alleged in said paragraph of complaint, to the following effect: That the first carload was delivered to the railroad company October 28, shipped October 29, accepted November 4, and paid for November 10; that the second carload was delivered to the railroad company November 1, and that at the time when appellant accepted and paid for the first carload as alleged, it knew that the second carload had been shipped November 1, and that it was on the siding at Indianapolis when said first carload was

NOVEMBER TERM, 1915.                307

Buckeye, etc., Co. *v.* Stewart-Carey, etc., Co.—60 Ind. App. 302.

accepted and paid for as aforesaid. These are the facts alleged to constitute the waiver and estoppel pleaded.

To the fourth paragraph of complaint, appellee filed an answer in two paragraphs, the first being a general denial. The second paragraph is lengthy, its substance being as follows: That in the latter part of September, 1910, the price of window glass was abnormally high, with a downward tendency; that by reason of certain pending litigation under the Sherman anti-trust law, glass men expected a sharp decline about November 1; that September 28, H. W. Weld, representing the Innes-Weld Glass Company of Chicago, selling agents for appellant, called on appellee to sell glass; that appellee verbally made to Weld an offer for window glass in quantities and on terms contained in a telegram hereinafter set out; that these terms were not in harmony with the authority of the Innes-Weld Glass Company, as such agents, whereupon it was agreed that Weld should call on appellant, submit the offer and report, and if the offer should be accepted, that appellee should mail specifications to appellant, and a copy to the Innes-Weld Glass Company; that appellant accepted appellee's proposition, and by the former's direction, Weld sent to appellee the following telegram, signifying such acceptance:

"Columbus, O., Sept. 29, '10. Stewart-Carey Glass Co., Indianapolis, Ind. We accept your order two cars window glass 80 per cent double discount 89 and 5 single 90 double, Columbus, new glass prompt shipment next month, Buckeye glass. Mr. Bartram, president, will call. Please favor him with order and confirm to Chicago. H. W. Weld."

It is alleged that the contract between the parties

as understood by both of them consisted of the verbal offer and acceptance by telegram and not otherwise. The paragraph contains various averments explanatory of the terms used in the telegram, among them that the words "prompt shipment next month" mean and were understood by the parties to mean that the glass should be shipped promptly in October. It was alleged that pursuant to appellee's agreement and a general custom understood by the parties and all glass manufacturers and dealers, appellee forwarded to appellant by mail dated October 3, specifications of sizes and quantities of glass in harmony with the telegram. A copy of such specifications was sent to the Innes-Weld Glass Company as agent. A general custom known to the parties is pleaded to the effect that when an order for more than one carload of glass is given, the carloads, for reasons set out, are shipped, invoiced, accepted, discounted and paid for separately and as a single complete and independent order; that pursuant to said custom referred to in appellee's letter of October 3, thereby and in other ways alleged to have been recognized by appellant, it manufactured, loaded and shipped one carload promptly in October as agreed, which carload was invoiced, discounted, accepted and paid for separately, but failed to ship the other until November 1, about which time the price of glass declined 33 1-3% as was anticipated when shipment in October was specified. Other allegations of this paragraph of answer bearing directly on the issue of waiver and estoppel tendered by the fourth paragraph of complaint are as follows: "That on the last day of October, 1910, and before plaintiff had shipped the said last carload of window glass, defendant notified plaintiff that it would not receive or accept the window glass shipped and delivered after October 31, 1910, as such shipment

would not be in accordance with the contract; that notwithstanding said notice and notwithstanding the fact that delivery was not in accordance with the contract to deliver in October, 1910, plaintiff loaded and shipped said carload of glass and consigned to defendant, which defendant refused to accept; that said carload of window glass accepted by defendant was delivered within the time required in the contract, and accepted by defendant after the time had expired for delivering any more glass under the terms of the contract, and after notice had been given not to deliver same after October 31; that by the neglect of plaintiff to ship said carload of window glass within the month of October, 1910, and in accordance with the terms of the contract of sale, said contract was terminated and defendant was discharged from any obligation to receive, accept or pay for the same."

Appellant's demurrer to the second paragraph of answer to the fourth paragraph of complaint was overruled and the cause put at issue. A trial by the court resulted in a finding, and judgment for costs in favor of appellee. The errors relied on for reversal as set out in appellant's brief, and as numbered by us are in substance as follows: (1) Overruling the demurrer to the third paragraph of answer to the third paragraph of complaint. (2) Overruling the demurrer to the second paragraph of answer to the fourth paragraph of complaint. (3) Sustaining the demurrer to the amended second paragraph of reply to the third paragraph of answer. (4) Overruling the motion for a new trial.

1. In appellant's brief no proposition or point is directed to the first error relied on, as required by Rule 22 of this court, and such alleged error must be regarded as waived. *Town of Newpoint* v. *Cleveland, etc., R. Co.* (1915), 59 Ind.

App. 147, 107 N. E. 560; *Mutual Life Ins. Co. v. Finkelstein* (1915), 58 Ind. App. 27, 107 N. E. 557. Neither the pleading referred to in assignment No. 3 above, nor its substance is set out in appellant's brief. That assignment, therefore, presents no question. *Schultze* v. *Maley* (1914), 56 Ind. App. 586, 105 N. E. 942. Rule 3 relating to the preparation of transcripts is in part as follows: "Where the evidence is set out by deposition or otherwise, the name of each witness and whether the examination is direct, cross or redirect shall be stated in the margin of every page." The part of the rule stated has been totally disregarded here in the preparation of the transcript. Appellee by its brief filed more than two years since called attention to such defect in the transcript, but no steps have been taken to remedy it. Under such circumstances, we are at least required to ignore the assignment of the insufficiency of the evidence in the motion for a new trial, and other assignments therein based on the alleged erroneous admission of oral testimony. See, *Roberts* v. *Wolfe* (1905), 165 Ind. 199, 74 N. E. 990, and cases cited.

The assignment in the motion for a new trial that the court erred in admitting exhibit 17 in evidence presents no question, for the reason that it appears from the record that appellant rather than appellee introduced that item of evidence. The remaining assignments in the motion for a new trial are that the decision is contrary to law, which assignment is not discussed, and therefore waived; and alleged error in admitting in evidence the telegram of September 29, and exhibit 20, which is a letter dated October 4, written by the Innes-Weld Glass Company to appellee, acknowledging receipt of a copy of the

specifications forwarded to said company by appellee's letter dated October 3.

In view of appellant's concession that the fourth paragraph of complaint is predicated on the theory of waiver and estoppel, we are not required in 6. determining the sufficiency of the second paragraph of answer filed thereto, to proceed further than to ascertain whether such answer meets the averments of that paragraph of complaint to the effect that appellee waived the element of time in the contract, and is estopped from asserting that there was a breach of the contract in that respect. However, that we may dispose of the remaining assignments in the motion for a new trial, while considering the sufficiency of said paragraph of answer, we broaden our discussion somewhat. Appellant's third paragraph of complaint proceeds on the theory that appellee's letter to appellant dated October 3, and appellant's letter to appellee dated October 5, with the specifications enclosed in the former, constitute the contract between the parties, and that all prior negotiations were merged into these instruments. Appellee, however, bases its pleadings on the theory that the oral offer made September 28, with the telegram dated September 29, constituted the contract; that the telegram closed the contract, and that the subsequent proceedings were but the execution of the details as agreed and understood. Considering the respective contentions, it will be observed that appellee's letter of October 3, does not purport to be an order. Primarily it is to the effect that specifications are enclosed pursuant to some arrangement made with or through the Innes-Weld Glass Company. It contemplates also that there will be two shipments at intervals. An inspection of a copy of the specifications as filed with the third paragraph of complaint discloses that they

consist of a mere tabulation of sizes, number of boxes of the respective sizes and noting that certain sizes are to be double and others single strength. There is no introductory or concluding direction. It is neither addressed nor signed. Appellant's letter of October 5 also recognizes that whatever arrangements exist have been made through the Innes-Weld Glass Company as appellant's agent. Certain elements usually found in contracts for the purchase and sale of goods are absent from the contract as constituted under appellant's contention. Among them being price, terms, and except for certain general expressions, the element of time of shipment or delivery. Appellant's position is that by the letter of October 3, appellee impliedly agreed to pay the market price. It is significant, however, that its bill of particulars filed with its first paragraph of complaint is in complete harmony with the telegram of September 29, respecting gross price, discount from list, and net price. Appellee, however, contends and alleges that the contract consisted of a specific oral offer made to appellant through its selling agent reported by the latter to appellant, and accepted as evidenced by the telegram of September 29, embodying generally the terms of the oral offer, and sent by direction of appellant. It will be observed that the letters of October 3 and 5 are consistent with appellee's contention in that each recognizes the Innes-Weld Glass Company as a medium. While the telegram is signed only by H. W. Weld, it is alleged that it was sent by direction of appellant and for it. The telegram purports to be a specific acceptance of a prior order. Appellee alone advises us respecting such prior order, and to the effect that it consisted of the proposition made September 28. In said paragraph of answer the telegram is elucidated

to the effect that by the abbreviated terms used, was meant and understood by the parties to mean that the specifications when prepared should indicate eighty per cent of the order as double strength glass and the remainder as single strength; that the basis of the price should be a list price exhibited to appellee by the Innes-Weld Glass Company, from which there should be a discount of ninety per cent on double strength glass and of eighty-nine per cent and five per cent from the residue, on single strength glass, and that the glass should be shipped promptly by appellant within the month of October. Appellant in causing the telegram to be sent. apparently contemplated that its president would call in person, and that the orders should be delivered to him, and that report should be made to the selling agent. There was, however, an immaterial departure in that specifications were forwarded by letter as we have indicated, and a copy to the agent, the receipt of the former being acknowledged by appellant's letter of October 5, and the latter by the agent's letter of October 4. Under such circumstances, it seems to us apparent that the telegram of September 29 was at least a very essential part of the contract, and that the letter of the Innes-Weld Glass Company dated October 4, being exhibit 20, acknowledging receipt of a copy of the specifications was a step in the consummation of the arrangements made, and that the court did not err in admitting either of these instruments in evidence.

Returning to a consideration of the sufficiency of the second paragraph of answer to the fourth paragraph of complaint, facts are alleged in that 7. paragraph to the effect that by the terms of the contract both carloads were to be shipped in October; that one carload was so shipped; that

314 APPELLATE COURT OF INDIANA,

Buckeye, etc., Co. v. Stewart-Carey, etc., Co.—60 Ind. App. 302.

on October 31, the remaining carload had not been shipped, whereupon on that date, appellee notified appellant that it would not accept shipments made after October, as such shipments would not be in compliance with the contract. Other facts are alleged as we have indicated, bearing on the element of time as an essential element of the contract. In discussing the element of time as of the essence of the contract involving the sale and delivery of goods, the following language is used: "Where the time of the performance is thus fixed, it is, in the language of the law, deemed usually to be 'of the essence of the contract', and, unless waived by the other party, performance at the time stipulated is indispensable. * * * Obviously, therefore, unless the seller can show that he did what was incumbent upon him to do, as that he delivered, shipped or tendered the goods at the time when such performance was due—neither later nor earlier—or that performance at that time was waived by the other party, he is in no situation either to enforce the contract on his own behalf or resist an action against him by the other party." 2 Mechem, Sales §§1138, 1139. See, also, *Ohio Valley Buggy Co.* v. *Anderson Forging Co.* (1907), 168 Ind. 593, 81 N. E. 574, 11 Ann. Cas. 1045; *Norrington* v. *Wright* (1885), 115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366; *Filley* v. *Pope* (1885), 115 U. S. 213, 6 Sup. Ct. 19, 29 L. Ed. 372; *Cleveland, etc., Mill Co.* v. *Rhodes* (1886), 121 U. S. 255, 7 Sup. Ct. 882, 30 L. Ed. 920. It follows both by reason of allegations contained in said paragraph and also by reason of appellant's concession respecting the theory of the paragraph of complaint to which it is filed, that the sufficiency of said paragraph of answer must be determined on the assumption that appellee contracted for shipment in October, and that time is of the essence of the con-

tract. If that paragraph is sufficient, then on the tendered issue of waiver and estoppel, the court did not err in overruling the demurrer filed to it.

Under the averments of the fourth paragraph of complaint, the facts apparently relied on as evidencing a waiver of the right to shipment in October and an estoppel to deny its obligation to accept the second carload although shipped in November, are that appellee accepted and paid for the first carload after the second carload had been so shipped. But under the allegations of the answer, appellee on October 31, promptly notified appellant that it would not accept shipments made after the close of October, assigning as a reason that such shipments would not be in accordance with the contract. By implication, appellee thereby manifested its intention to accept and pay for the first carload shipped as specified. This notice was not withdrawn. The subsequent act of accepting and paying for the first carload is characterized by the notice. It follows that the act relied on as constituting a waiver was accompanied by notice that it should not have that effect. As to the element of estoppel, it is apparent that appellant's shipping of the second carload was not induced by appellee's conduct in accepting and paying for the first carload, since the former transaction preceded the latter. The second carload was shipped in the face of appellee's declaration that it would not accept it for reasons assigned. Under such circumstances, we fail to see that appellee waived its right to insist that shipment be made as agreed, or that it is estopped from asserting such right. See 40 Cyc 252. As having a bearing here, we quote the following from *McDonald v. Kansas City, etc., Co.* (1906), 149 Fed. 360, 79 C. C. A. 298, 8 L. R. A. (N. S.) 1110: "The decisions in these cases hold that, where the vendor is

316 . APPELLATE COURT OF INDIANA,

Buckeye, etc., Co. *v.* Stewart-Carey, etc., Co.—60 Ind. App. 302.

required by an entire contract, as in the case at bar, to make successive deliveries of the articles sold, and the first deliveries fail to comply with the terms of the agreement either in the quality or quantity of the goods or in the times and places of delivery, the vendee by prompt notice of his refusal to further perform upon the discovery of the failure may relieve himself from liability for subsequent deliveries. This, however, is not his only remedy. He has the option, upon the discovery of the seller's default, to refuse to receive and pay for further deliveries, and thus to terminate the contract, or to permit the performance to proceed, and to rely upon his damages for the vendor's breach. But he may not delay his exercise of this choice." See also note to that case, and also the following: *Ohio Valley Buggy Co.* v. *Anderson Forging Co., supra; Norrington* v. *Wright, supra; Filley* v. *Pope, supra; Cleveland, etc., Mill Co.* v. *Rhodes, supra; Providence Coal Co.* v. *Coxe Bros. & Co.* (1896), 19 R. I. 380, 35 Atl. 210; *Babson* v. *Robertson* (1888), 34 Fed. 203; *Cahen* v. *Platt* (1877), 69 N. Y. 348, 25 Am. Rep. 203. Judgment affirmed.

NOTE.—Reported in 110 N. E. 710. As to acceptance of installment of goods purchased as precluding buyer from rejecting later installments, see 20 Ann. Cas. 528. See, also, under (1) 3 Cyc 388; (2) 3 C. J. 1415-1420, 2 Cyc 1014; (3) 3 Cyc 95; (4) 3 Cyc 244; (5) 3 Cyc 388; (6) 35 Cyc 566; (7) 35 Cyc 185, 186.