## STOCKBERGER v. ZANE.

[No. 10,011. Filed November 18, 1919. Rehearing denied February 6, 1920. Transfer denied March 10, 1920.]

1. BROKERS.—*Real Estate Brokers.*—*Contract for Commissions.*—*Validity.*—*Statute.*—Where a contract for the sale or exchange of real estate provided for the payment of the regular fixed commission as adopted by a named real estate exchange, the fact that the only rate of commission so fixed was a minimum rate did not render the contract ineffective under §7463 Burns 1914, Acts 1913 p. 638, providing that a contract for the payment of a commission for the sale or exchange of real estate must be in writing, as such statute requires only that the contract import a promise to pay and provides a means of ascertaining the amount thereof without destroying the character thereof as a written instrument. p. 8.

2. BROKERS.—*Real Estate Brokers.*—*Action on Contract for Commissions.*—*Rate of Commission.*—*Evidence.*—Where a contract for the sale or exchange of real estate provided for the payment of the regular fixed commission according to the rate established by a named real estate exchange, the minutes of the exchange showing the regular fixed commissions to be paid on exchanges of real estate was admissible in an action on the contract for compensation. p. 9.

3. BROKERS.—*Real Estate Brokers.*—*Contract for Commission.*—*Certainty.*—*Commission as Fixed by Real Estate Exchange.*—In a real estate broker's action for commissions for the exchange of real estate, where the contract provided for compensation according to the rate established by a named real estate exchange, the fact that the rules of the exchange provided only for a minimum rate of compensation did not render the contract ineffective under §7463 Burns 1914, Acts 1913 p. 638, as being uncertain. p. 9.

4. BROKERS.—*Real Estate Brokers.*—*Contracts for Commissions.* —*Statute.*—*Construction.*—Although the manifest purpose of §7463 Burns 1914, Acts 1913 p. 638, requiring contracts for the payment of commissions for the sale or exchange of real estate to be in writing, is to protect real estate owners against imposition and fraud, it was not intended to enable the landowners to work the same result against others, so that, while the statute must be substantially complied with, its operation should not be extended further than to make its spirit and purpose effective. p. 10.

5. APPEAL.—*Briefs.*—*Waiver of Error.*—Assignments of error are waived by appellant's failure to make any specific reference thereto in the propositions or points in his brief, as required by the rules governing the preparation of briefs. p. 11.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by John J. Stockberger against Raymond B. Zane. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Arthur W. Parry,* for appellant.

*W. P. Endicott* and *Harold K. Tess,* for appellee.

BATMAN, C. J.—This is an action by appellant against appellee to recover judgment for an amount alleged to be due as a commission for the exchange of certain real estate. The complaint is in a single paragraph and alleges in substance, among other things, that the parties on February 18, 1916, entered into a written agreement, by the terms of which appellee employed appellant to find a purchaser for certain real estate owned by him within a specified time and at a price named in a memorandum on the reverse side of said contract; that said contract provided that:

"In the event said real estate is sold by you during said time for said price, and upon said terms, or for a price and upon terms acceptable to me, then and in either of said events, in consideration of your services in this connection, I promise and agree to pay you the regular fixed commission as

adopted by the Fort Wayne Real Estate Exchange, or in the event said real estate is traded or exchanged by or through your efforts I promise and agree to pay you such commission on the list price fixed in said memorandum. Complete abstract showing good title to said property and warranty deed will be furnished by me. Less expense Zane put to in making the exchange."

That the list price fixed in said memorandum was $30,000, and appellant, within the time specified, made an exchange of said real estate; that at the time of the execution of said written agreement there was, and ever since has been, in existence in the city of Fort Wayne, Indiana, an association of the real estate men of that city and surrounding territory known as the Fort Wayne Real Estate Exchange of Fort Wayne, Indiana; that, prior to the date of said contract, said exchange had adopted as the regular fixed commission for the sale or exchange of farm property the rate of five per cent., which adoption was made by a resolution of said exchange, duly entered in its minutes; that said resolution was in full force and effect at the time said contract was executed, and has so remained ever since; that it was said rate so adopted that was intended and referred to in said contract, a copy of which contract, including said memorandum, was filed with the complaint as an exhibit. To this complaint appellee filed a demurrer, which was overruled. He then filed an answer in two paragraphs, the first being a general denial. The second paragraph admits the execution of the contract in suit, and alleges facts by which he seeks to limit the rate of commission thereunder to two and one-half per cent. of the list price of the real estate mentioned therein. To this paragraph of answer appellant filed a demurrer, which was overruled. He then filed a reply thereto in general denial. Appellee also filed a counterclaim against appellant, to which a demurrer was sustained.

Stockberger *v.* Zane—73 Ind. App. 4.

The cause was submitted to a jury for trial, and at the close of appellant's evidence the court instructed the jury to return a verdict for appellee, which was accordingly done.   Appellant filed a motion for a new trial, which was overruled, and judgment was thereupon rendered against him for costs.   He now prosecutes this appeal under an assignment of errors, which requires a consideration of the question hereinafter determined.

The only error presented by appellant in his propositions and points is based on the action of the court in overruling his motion for a new trial.   One of the reasons assigned therefor is that the court erred in striking from the evidence a certain paper, which had been introduced as exhibit "B," and which is in part as follows:

> "Minutes of the meeting of the Ft. Wayne Real Estate Exchange, held Tuesday, May 13, 1913. The Fort Wayne Real Estate Exchange met at the Anthony Hotel, Tuesday noon, May 13, 1913, * * * The committee on commissions recommended a minimum commission of Five ($5.00) Dollars per acre for handling farm lands, and five per cent. of the sale price wherever the ground sold for more than $100.00 per acre, and this commission was adopted by the Exchange as standard."

These minutes were duly attested by the names of persons subscribing themselves as president and secretary.   The record discloses that, prior to the introduction of said exhibit in evidence, one Hilgemann had testified in substance that there was an organization in the city of Fort Wayne known as the Fort Wayne Real Estate Exchange, and that it had been in existence since the spring of 1913; that he had been its secretary for the last two years, and had in his charge the minute book of said organization, which he then had in his hands; that a certain page thereof, marked exhibit "B," and to which his attention was directed, contained the

minutes of said organization, held on May 13, 1913. Said exhibit was then admitted and read in evidence over appellee's objections. Appellee then moved the court to strike out said exhibit, which motion was sustained over the objections of appellant. It is contended by appellant that this ruling of the court constitutes reversible error.

Appellee asserts, in support of the action of the court in striking out said exhibit, that in order for a contract for the payment of a commission for the sale or

1. exchange of real estate to be effective under §7463 Burns 1914, Acts 1913 p. 638, it must fix the amount due, or express a definite consideration; that the only attempt to comply with this requirement is found in that provision of the contract referring to the regular fixed commission adopted by the Fort Wayne Real Estate Exchange; and that this is not sufficient to comply with said section of the statute in that regard, as it would require extrinsic evidence to establish the rate of commission; that, if it should be held that the amount of commission under such a contract may be fixed by extrinsic evidence, still the action of the court in striking out said exhibit was not error, because it shows that the only rate of commission fixed by said exchange was a minimum rate, and hence any rate in excess of said minimum rate might be proved. He asserts that this fact would render said contract ineffective under §7463, *supra.* We cannot concur in appellee's contention. It should be noted that said §7463 does not provide that a contract thereunder shall name a definite amount to be paid as a commission. It is evident that the requirement of the statute in this regard will be met if the contract imports a promise to pay a commission, and provides a means for ascertaining the amount thereof, without destroying the character of the contract as a written instrument. In the case before us the par-

ties provided such a means by reference in their contract to "the regular fixed commission, as adopted by the Fort Wayne Real Estate Exchange," and agreeing in effect that, in the event the real estate was traded or exchanged through appellant's efforts, the list price in the memorandum forming a part of the contract was to be the basis on which his commission should be calculated. It appears that the commission, as adopted by the Fort Wayne Real Estate Exchange, was fixed by said exchange at a meeting held on May 13, 1913, and its action in that regard was spread on the minutes of its proceedings of that date, as evidenced by said exhibit "B." It is well settled that, where a contract has reference to another paper for its terms, the effect is the same as if the words of the paper referred to were inserted in the contract. 9 Cyc 582; 13 C. J. 530; *Western Construction Co.* v. *Romona, etc., Stone Co.* (1908), 41 Ind. App. 229, 80 N. E. 856; *Bradstreet* v. *Rich* (1883), 74 Me. 303; *Casey* v. *Holmes* (1846), 10 Ala. 776; *Short* v. *Van Dyke* (1892), 50 Minn. 286, 52 N. W. 643.

In the instant case the parties, by reference in their contract to "the regular fixed commission, as adopted by the Fort Wayne Real Estate Exchange," in effect made the minutes of said exchange, with reference to the adoption of such commission, a part of their said contract for the purpose of expressing their agreement as to the rate of commission to which appellant would be entitled in the event he effected a sale or an exchange of appellee's said real estate. Under this view of the situation appellant was entitled to have said Exhibit "B" remain in the record as a part of the evidence in the cause.

But it will be noted, as stated above, that appellee makes the further contention that said exhibit "B" shows that the rate adopted by said exchange was a mini-

mum rate only, and hence any rate in excess of said minimum rate might be proved; that this fact would render said contract ineffective under §7463 Burns 1914, *supra,* as it would leave uncertain one element of such contract, which the statute requires must be certain. This contention is not tenable. It will be observed that the contract recites that "in consideration of your services in this connection, I promise and agree to pay you the *regular fixed commission, as adopted by the Fort Wayne Real Estate Exchange."* (Our italics.) By reference to said exhibit "B," which contains the minutes of said exchange in that regard, we note that only one regular commission was fixed by said exchange, and that was a minimum of $5 per acre, except where land sold for more than $100 per acre, in which event the commission should be five per cent. of the sale price, and that the commission thus fixed *was adopted by the exchange as standard.* It does not appear that the exchange attempted to fix any other schedule or rate of commission, but was content to adopt the minimum rate specified and declare it to be the standard rate. In view of these facts, we are forced to conclude that the minutes of said exchange, as evidenced by said exhibit "B," furnished definite means of ascertaining the rate of commission to which appellant was entitled, and that the court erred in striking out the same after it had been introduced in evidence. To hold otherwise would have the effect of nullifying the contract in suit, which we would be reluctant to do after it has been executed and appellee has received the fruits thereof.

As has heretofore been held by this court, the manifest purpose of §7463, *supra,* is to protect real estate owners against imposition and fraud, but that it

4. was not intended to enable such owners to work the same result against others; that for the purpose of accomplishing the end intended the statute must

be substantially complied with, but that the operation of the statute should not be extended further than to make its spirit and purpose effective. *Luther* v. *Bash* (1916), 61 Ind. App. 535, 112 N. E. 110.

Other reasons contained in appellant's motion for a new trial are not considered, as the questions thereby presented will probably not arise on another trial of the cause. The questions presented by the assignment of errors, other than the action of the court in overruling the motion for a new trial, have been waived by appellant by a failure to make any specific reference thereto in his propositions or points as required by the rules governing the preparation of briefs. *Buckeye, etc., Co.* v. *Stewart-Carey, etc., Co.* (1915), 60 Ind. App. 302, 110 N. E. 710.

For the reason stated the judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.