CHICAGO, SOUTH BEND AND NORTHERN INDIANA RAILWAY COMPANY v. BROWN.

[No. 11,765. Filed April 24, 1924.]

1. TRIAL.—*General Verdict.—Answers to Interrogatories.—Conflict Between.*—Answers to interrogatories will not be held to be in irreconcilable conflict with the general verdict unless the answers are such that the conflict could not be removed by any evidence admissible under the issues. p. 414.

2. STREET RAILROADS.—*Contributory Negligence.—General Verdict.—Answers to Interrogatories.—Conflict Between.*—In an action against a street car company for damages to plaintiff's automobile resulting from a collision with a street car, answers to interrogatories are not in irreconcilable conflict with a verdict for the plaintiff on the theory that they show contributory negligence by the plaintiff, where they could have been explained by any evidence admissible under the issues. p. 414.

3. APPEAL.—*Review.—Instructions.—Remote negligence.—Briefs.*—In an action for damages to an automobile when struck by a street car, error in an instruction in that it allowed plaintiff to recover if her property was damaged by remote negligence of the defendant is not ground for reversal where the defendant does not point out in his brief any evidence of remote negligence to which the jury might have applied the instruction and thereby harmed the defendant. p. 416.

4. STREET RAILROADS.—*Collision with Automobile.—Instruction.—"Last Clear Chance."*—In an action for damages to an automobile resulting from a collision with a street car, an instruction which authorized a finding against the defendant based on what its motorman should have known by the exercise of ordinary care did not constitute error where it did not purport to relate to the doctrine of "last clear chance." p. 416.

5. TRIAL.—*Instruction.—Limiting Application.—Procedure.*—If a party is of the opinion that an instruction given by the court should be limited in its application, he should tender an instruction to that effect, and request that it be given. p. 416.

6. TRIAL.— *Instruction.— Complaint for Negligence.— General Charge of Negligence Combined with Specific Charges.*—In an action for damages to an automobile resulting from a collision with a street car, where the complaint contained a general charge of negligence in operating the street car and, in addition, three specific charges, which in no way conflicted with or nullified the general charge, there was no error in giving an instruction relative to matters provable under the general charge of negligence. p. 417.

7. STREET RAILROADS.—*Collision with Automobile.—Erroneous Instruction Under the Evidence.—Refusal to Give.*—In an action for damages to an automobile resulting from a collision with a street car, where the evidence showed that the car was being operated at an unusually high rate of speed, and that the driver of the automobile gave a signal before starting her car, parked at the curb, indicating her intention to start, *held* not error to refuse to give an instruction that the motorman on a street car is not required to sound a warning to the driver of an automobile standing at the street curb at a safe distance from the street car tracks, and that such motorman was not under any obligation to anticipate that the driver would suddenly start and turn the automobile across the track in front of the street car. p. 417.

8. APPEAL.—*Review.—Verdict Sustained by Evidence.—Evidence Considered.*—In reviewing the question whether the verdict is sustained by the evidence, the appellate tribunal is only required to determine whether there was any evidence which sustains the verdict, and if there was such evidence, although strongly contradicted, the verdict must be sustained. p. 419.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Edythe Brown against the Chicago, South Bend and Northern Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harry R. Wair, Arthur L. Gilliom, Ira Church* and *Willard Chester,* for appellant.

*William E. Wider* and *Yeagley & Wolfe,* for appellee.

BATMAN, J.—Appellee's automobile was damaged in a collision with one of appellant's street cars, while it was being operated in the city of South Bend. This is an action to recover the amount of loss thus sustained by appellee, which she alleges was caused by the negligent manner in which such street car was operated. The complaint is in a single paragraph and was answered by a general denial. The cause was submitted to a jury for trial, resulting in a verdict in favor

of appellee, accompanied by the answers of the jury to certain interrogatories submitted to it. Appellant filed a motion for judgment in its favor on such answers notwithstanding the general verdict, and also a motion for a new trial, each of which was overruled. Judgment was thereupon rendered in favor of appellee, and this appeal followed.

Appellant bases its contention that the court erred in overruling its motion first above mentioned on the ground that such answers show that appellee was guilty of negligence contributing proximately to the injury of her automobile. The answers descriptive of the location of the accident, and the manner of its occurrence, disclose the following facts: Appellant was operating a street railway on Washington Avenue in the city of South Bend, which had parallel tracks extending east and west thereon. The south rail of the south track was twelve feet from the south curb of said street. Appellee's automobile was parked near said south curb, and so remained until after dark, leaving a space of five feet between the north side thereof and the south rail of said south track. Another automobile was parked near the south curb of said street, about ten feet ahead of that of appellee. While said automobiles were so situated, appellee was seated in front, on the left side of the one owned by her, which was headed toward the east. While so seated, she started the engine thereof, and drove her said automobile about ten feet in a northeasterly direction onto the south track of appellant, where it was struck by one of appellant's cars, which approached from the west at a speed of about thirty miles per hour, and at a time when there was a great deal of traffic on such street at and near the place of the collision. The answers most favorable to appellant, bearing on appellee's contributory negligence, establish

the following facts: At the time of the accident in question, there was no obstruction on the street where it occurred that would have prevented appellee, sitting on the front seat on the left side of her automobile, from seeing a car approaching from the west on the south track, if she had looked in that direction at any time before she drove into the path of the street car. While appellee was so seated, she could not have seen the approaching street car as she drove away from the curb. The street car which collided with appellee's automobile had its headlight and inside lights burning, so that the same could be seen at a distance of four or five blocks west of the place of the accident, while it was approaching. Appellee did not see any street car approaching from the west at any time before she turned her automobile to the left away from the curb. If she had looked to the west, immediately before she started to drive her automobile away from the curb, she could have seen the approaching street car. Appellee looked to the west just before she started to drive her automobile away from the curb, but did not see the street car before it struck her automobile.

The general verdict includes a finding that appellee was not guilty of contributory negligence. Before we can hold that the answers to the interrogatories 1, 2. are in irreconcilable conflict with the general verdict on that question, we must be able to say that her conduct, on the occasion of the accident, as found by such answers, could not have been so far explained by any evidence admissible under the issues, as would have warranted the jury in finding that appellee was not guilty of such negligence. *Standard Life Ins. Co. v. Grigsby* (1923), 80 Ind. App. 231, 140 N. E. 457. While it is true that the answers to the interrogatories show that the view of the street was unobstructed for

four or five blocks toward the west—the direction from which the street car approached—that the head and inside lights thereon were burning, so that its approach could be seen for said four or five blocks; that appellee could have seen the approaching street car if she had looked to the west immediately before she started to drive her automobile away from the curb; that she did so look at such time, but did not see the street car before it struck her automobile, there may have been evidence which would have been proper under the issues, to the effect that it was the custom of appellant, because of numerous street and alley crossings and the extent of travel in the vicinity of the accident, to operate its cars along such street at a speed not exceeding fifteen miles per hour, and that such fact was known to appellee; that just before she started the engine of her automobile, she looked toward the west for some distance for an approaching street car, but failed to see any, because none was within the distance covered by her observation; that she then started the engine of her automobile, and drove away from the curb onto the track. If, as we may assume, the evidence discloses these facts, and, in addition thereto, that the distance covered by her observation was such that the street car, had it been operated at the usual speed, would not have collided with appellee's automobile, and that the collision therewith was due solely to the unusually high rate of speed at which such car was operated, then the jury would have been warranted in finding that appellee was free from fault notwithstanding the facts found by the answers to the interrogatories. We say this in view of the evident fact that appellee, in the exercise of ordinary care, was not required to make an observation to such a distance as would make it safe for her to turn her car onto appellant's track if the

car that struck her car was operated thereon at an unusually high rate of speed, but only to such distance as would be prudent in view of the rate of speed reasonably to be anticipated in view of the known custom.

Appellant contends that the court erred in giving instructions Nos. 7, 8, and 11 on its own motion. The objection to said instruction No. 7 is based on 3. the presence therein of the following statement, made in an enumeration of the facts which must be proved by a fair preponderance of the evidence, in order to entitle appellee to recover: "That such negligence was the cause of the injury and damage to the plaintiff's property." It is urged that this statement had the effect of informing the jury that appellee could recover if she sustained an injury which was only remotely caused by appellant's negligence, rather than proximately caused thereby. It suffices to say, in answer to this contention, that if said instruction is erroneous in the particular stated, appellant has failed to point out in its brief any evidence of remote negligence to which the jury may have applied the instruction and thereby harmed appellant, as was its duty to do if it seeks a reversal because the instruction would have permitted such an application. *Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App. 635; *Sanitary Can Co.* v. *McKinney* (1913), 52 Ind. App. 379; *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633; *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571; *Guion* v. *Terre Haute, etc., Traction Co.* (1924), 143 N. E. (Ind. App.) 20. We conclude that appellant has failed to show any reversible error in giving said instruction.

It is contended that said instruction No. 8 is erroneous, as it invited the jury to consider matters not within the issues and evidence, and authorized a 4, 5. finding against appellant based on what its motorman should have known by the exercise of

ordinary care. There was no such erroneous invitation in the instruction, under the interpretation we have given the complaint, as disclosed hereafter by our discussion of instruction No. 11, given by the court on its own motion. The last suggestion stated does not indicate any error in the instruction, as it does not purport to relate to the doctrine of "last clear chance." If appellant had desired to limit its application, it should have tendered an instruction to that effect, and requested that it be given. We are unable to sustain appellant's contention as to this instruction.

Appellant's objection to said instruction No. 11 is based on a claim that it relates to an act of negligence not specifically charged in the complaint. As we interpret the complaint, it contains a general charge of negligence, in addition to three specific charges, which in no way contradict or nullify such general charge. This being true, appellee was not limited to such specific charges in making proof of the allegations of her complaint. *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161. We conclude that the objection stated is not well taken, as the instruction relates to matters provable under the general charge of negligence.

Appellant predicates error on the action of the court in refusing to give instructions Nos. 11 and 14, requested by it. There was no error in refusing to give said instruction No. 11, as a casual reading will disclose. The misstatement therein may have been the result of inadvertence, but it is sufficient to warrant the court in refusing to give the same.

Said instruction No. 14, contains the following statement, among others: "The defendant's motorman upon the occasion in question was not under the law compelled to sound a bell or signal to the

driver of plaintiff's automobile while said automobile was standing still at the curb of the street and at a safe distance from the defendant's tracks, if you find the facts so to be. Such motorman was not under the law obligated to know and anticipate that the driver would suddenly start and turn said automobile across the track and ahead of said car." The presence of this statement in the instruction renders the same erroneous, as the circumstances surrounding the accident, as disclosed by the evidence, are not such as to show conclusively that no duty rested on the motorman to do the things stated. While it may be true that ordinarily a motorman, operating a car at the usual rate of speed, is not required, in the exercise of ordinary care, to sound his signal bell on approaching an automobile standing at the curb of a street, with no evidence to indicate that it is likely to be put in motion, and thereby be endangered from the operation of his car, it does not follow that circumstances may not exist, such as operating a car at an unusually high rate of speed, under which ordinary care might require that such signal be given, without the presence of any such evidence. And again, while it may be true that ordinarily a motorman is not required, in the exercise of ordinary care, to anticipate that an automobile standing at the curb of a street will be started and driven in front of his car, yet circumstances may exist under which ordinary care would require that he so anticipate, such as the giving of a signal by the driver of the automobile indicating that he is about to put the same in motion. In view of the evidence as to the speed of the street car, and the signal given by appellee before starting her automobile, it is clear that the instruction, if given, would have invaded the province of the jury.

Appellant also contends that the verdict is not sustained by the evidence. Under this contention, the evi-

dence being oral, we are only required to determine whether there is any which supports the verdict, and if there be such evidence, although strongly contradicted, the verdict must be sustained. *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558. There is some substantial evidence to sustain every material element of appellee's right of recovery, and, therefore, appellant's contention as to its sufficiency cannot be sustained.

Failing to find that the court erred in overruling either of appellant's said motions, the judgment is affirmed.