PERRINE-ARMSTRONG COMPANY *v*. BOLDT.

[No. 12,672. Filed May 18, 1928. Rehearing denied May 28, 1929. Transfer denied July 1, 1932.]

*Howard L. Townsend* and *Albert E. Thomas*, and *Hugh G. Keegan* of counsel, for appellant.

*Ira M. Snouffner, Eggeman, Reed & Cleland* and *James P. Murphy*, for appellee.

ENLOE, J.—This action was brought by the appellee to recover damages on account of a personal injury sustained by appellee and which injury, it was alleged, was sustained because of the negligence of the appellant.

The record discloses that at the time of his injury the appellee was a conductor, or yard foreman, in the em-

ployment of the Pennsylvania Railroad Company, at Fort Wayne, Indiana, and as such was, at the time he was injured, engaged in "industrial switching"; that on the day of his injury, April 14, 1924, he had received an order, at the yard office of his employer, to go to the plant of appellant and bring out a car that had been loaded and was ready for shipment, and to set in its place an empty car to be loaded; that appellant is a corporation engaged in the manufacture and sale of lumber and that there are switch tracks along the northerly side of its plant, of the C., H. & D. Railroad Company, and that a switch track is laid from these tracks on the north of appellant's plant into the grounds of appellant, and which switch track, after it enters the grounds of the appellant, extends in a direction almost due south; that after receiving the order to go and get said car the appellee took his yard engine and crew of men and went to the plant of appellant; that, upon arriving at the plant of appellant, the appellee left his engine and crew and walked to the office of appellant to get the way-bill for the car they were to take out; that as a part of the plant of appellant they have a building, situated just to the west of their above noted switch track and practically parallel therewith, in which lumber is manufactured and the waste material, such as "slabs" is, by means of a saw, converted into stove wood; that for the purpose of handling this stove wood, after it falls from the saw, a "conveyor" was constructed and maintained by appellant, which conveyor passed over said switch track before noted and extended a distance of some two hundred feet to the east; that the appellee, while returning to his engine after obtaining said way-bill, and while passing under said conveyor, was struck by a piece of wood which fell from said conveyor and injured. The complaint, which was in one paragraph, charged negligence as follows: "that on said 14th day of April, 1924, said

defendant company carelessly, negligently and unlawfully operated said conveyor, and carelessly and negligently failed to remove said billets of wood from in front of said conveyor, and carelessly and negligently permitted said conveyor to become clogged and congested, and carelessly and negligently permitted said billets of wood to fall over the side of said conveyor at a point where plaintiff was required and compelled to pass under said conveyor in the performance of his duty." An answer in general denial closed the issues which were submitted to a jury for trial and resulted in a verdict in favor of appellee. The questions presented on this appeal relate to the action of the court in giving certain instructions, and to the sufficiency of the evidence to sustain said verdict. We shall first notice the instructions given of which complaint is made.

Instruction No. 12, of which complaint is made, is as follows: "A person either expressly or impliedly inviting another to come upon his premises is charged with the legal duty of exercising reasonable care in providing for the safety and protection of such person while on said premises, and a failure on the part of such owner to exercise such care is negligence.

"Therefore, if you find from a fair preponderance of the evidence in this case that the plaintiff was invited upon the premises of the defendant and did come thereupon, and defendant failed to exercise reasonable care in providing for his safety and protection, and that by reason thereof plaintiff was injured while thereupon, without fault on his part, then and under such circumstances your verdict should be for the plaintiff, Mr. Boldt."

It will be noted that the complaint, as hereinbefore set out, contained four charges of negligence, viz: (a), carelessly and negligently operating said conveyor at

said time; (b), negligently failing to remove billets of wood from in front of said conveyor; (c), negligently allowing said conveyor to become clogged and congested; and (d), negligently permitting billets of wood to fall over the sides of said conveyor. If any evidence was offered at the trial tending to establish any other act of negligence as against appellant, counsel have failed to point out such evidence, and we find none. All the testimony given, as we read it, was directed to some one or more of the acts of negligence charged, and while the said instructions, as given, is not to be commended, in that it did not expressly limit the jury in the consideration of the evidence to the acts of negligence charged in the complaint, yet the jury could hardly have been mislead thereby, and appellant has failed to show any reversible error in the giving of said instruction. *Chicago, etc., Ry. Co.* v. *Brown,* 81 Ind. App. 411, 143 N. E. 609; *Inland Steel Co.* v. *Gillespie,* 181 Ind. 633, 104 N. E. 76.

Complaint is also made of the giving of instruction No. 9, given at the request of appellee. This instruction embodied therein, as one of the facts to be found by the jury, *knowledge on the part of appellant* of the presence of appellee at or near the said conveyor. It was, to this extent, outside the issues presented by the complaint, but it was, to this extent more favorable to the appellant than the issues justified. If appellee was an invitee upon the premises—and there is no contention that he was not such—and was, without fault on his part, injured by reason of any one or more of the acts of negligence charged in the complaint, then the appellant would be liable to him in damages for the injury so sustained, whether it had actual knowledge of appellee's then presence upon its premises or not and we conclude that appellant was not harmed by the giving of said instruction.

The appellant next complains of Instruction No. 8,

given by the court of its own motion. This instruction was as follows:

"I instruct you that if the evidence shows that the plaintiff knew of the danger of wood falling from the conveyor on defendant's land, or by the exercise of ordinary care could have known of said danger at the time he walked under said conveyor, then it is proper for you to consider such facts, if shown, together with all other facts in evidence bearing upon the subject in determining whether or not plaintiff was guilty of contributory negligence." The appellant insists that if the appellee knew, or by the exercise of reasonable care could have known of the danger of wood falling from said conveyor and injuring him if he attempted to pass thereunder, and yet chose to pass under said conveyor, he was, in so doing, guilty of negligence as a matter of law, and that the jury should have been so told, and that the above instruction was, therefore erroneous. In view of the peculiar facts of this case we cannot concur in this contention. The record in this case contains a number of photographs showing different parts of the plant of appellant, buildings, etc. There is no contention that these photographs do not correctly represent the various buildings, railroad track, and other things therein shown. They disclose that the main factory building is in the west part of their grounds; that this building extends, in its principal direction, north and south; that the switch—the service switch of appellant—extends north and south practically along the east side of said factory building; that the said conveyor has its westerly end in said factory building and extends from the place where it starts in an easterly direction something over 200 feet from said building; that it first inclines upward until sufficient height is gained to give proper clearance for said switch and so that cars may freely pass thereunder; and that when

the car to be taken out,—as was the car in this case as we understand this record,—is located to the south of said conveyor, it is necessary, as the only way to reach and move said car, that the switchmen pass under said conveyor, and the same may be said as to the placing of a car to be loaded, when the same is to be placed south of said conveyor. In other words, the said conveyor was so constructed that switchmen in taking out cars and in setting cars south of said conveyor, must necessarily pass under the same; they had no choice in the matter, if they did the work in hand. Also, the plaintiff testified that he was not familiar with these yards; that when he went to the office to get the way-bill the conveyor was not running; that when he came back, it was running and as he passed under the same, he was struck by a piece of falling wood and injured. Under these facts it was a question for the jury as to whether the appellee was guilty of such negligence in going under said conveyor, as will preclude a recovery.

The record discloses that the officers of appellant knew that wood frequently fell from said conveyor upon and along said switch; they also knew that to reach and move the cars on said switch it was necessary for the train men to pass under said conveyor and that in so doing they were liable to be injured by such falling wood, and it seems to us that under the circumstances they owed to the men so moving cars the duty of ceasing to operate such conveyor in its then condition, while cars were being so moved. The charge of negligence in operating said conveyor at said time is, we think, abundantly sustained by the evidence. Judgment affirmed.

Dausman, J., absent.